## McDonald *vs.* The Eagle and Phenix Manufacturing Company.

| | |
|---|---|
| 68 | 839 |
| 95 | 399 |
| 68 | 839 |
| 104 | 682 |
| 105 | 511 |
| 68 | 839 |
| f110 | 4 |
| 68 | 839 |
| 118 | 89 |
| 68 | 839 |
| 119 | 655 |
| 68 | 839 |
| a124 | 581 |
| 68 | 839 |
| f127 | 618 |
| 127 | 620 |
| 127 | 623 |

[By reference to 67 *Ga.*, 763, it will be seen that the original decision in this case was withdrawn from the reporter's hands by Justice SPEER, who stated that he handed it to Mr. Peeples, of the clerk's office, for return to the reporter; that Mr. Peeples had no recollection of such an occurrence; and that it never was returned to the reporter. Since the publication of 67th *Ga.*, it was discovered among a lot of waste papers which were gathered up from the court room. It is now published at once upon its discovery.]

1. To entitle the widow of a servant to recover against a principal for the negligence of a fellow-servant of that principal, for the homicide of the husband which resulted from such negligence, it must appear that the homicide amounted to a crime in said neglectful servant, either murder or manslaughter of some grade.

2. A principal is not liable for the negligence of a fellow-servant in the same job, unless the principal himself was negligent in not using ordinary diligence in selecting the fellow-servant, or in retaining him after knowledge of incompetency or negligence. Nor will the bare fact that the servant afterwards became negligent show, without more, negligence in the principal in selecting.

3. One may waive the special contract and sue in tort for breach of duty, if there were such special contract, and the contract might warrant the competency and care of the fellow-servant, and be then invoked to change the legal principle on which the liability of the principal would turn for the tort; but no special contract is set out in this declaration so as to vary that general legal principle.

4. A workman engaged in the same job with two or three others, and having the direction of it, is not a general superintendent of a corporation, so as to bind it as such, but stands on the footing of a mere fellow servant.

5. The law as to railroads and druggists rests on other grounds.

Damages. Negligence. Master and Servant. Husband and Wife. Before Judge WILLIS. Muscogee Superior Court. May Term, 1881.

Charlotte McDonald sued the Eagle and Phenix Manufacturing Company to recover damages for the homicide of her husband. On demurrer the court dismissed the case, and plaintiff excepted. The declaration was as follows:

"The petition of Charlotte McDonald, showeth that the Eagle and Phenix Manufacturing Company, a corporation of the state of Geor-

McDonald *vs.* The Eagle and Phenix Manufacturing Company.

gia, resident in the county of Muscogee, has damaged your petitioner in the sum of $10,000.00.

For that heretofore, to-wit, on the —— day of June, 1879, at the request of defendant, Absolom McDonald, who was her lawful husband, and up to the time the injuries hereinafter stated were received by him, was a carpenter by trade, forty-seven years old, in good health and of a strong constitution, and whose services were worth an average of two dollars per day, was employed by the said defendant as an ordinary workman to aid in building a dye house in said county of Muscogee, the said defendant undertaking to furnish a careful, prudent and skillful superintendent to direct said work, and competent and careful laborers to aid in constructing the same, and especially to manage a derrick and ropes, tackle and machinery attached to said derrick, by which large timbers were to be hoisted to a great elevation, which said timbers your petitioner's said husband was to adjust and put in place in the frame work of said building, when carefully conveyed to him by means of said derrick and ropes, tackle and machinery attached by said laborers, under the orders and direction of said superintendent. Yet the defendant, not regarding its duty, placed in charge of said derrick and ropes, tackle and machinery attached, a careless and negligent superintendent, and one or more careless, incompetent and negligent laborers, and by want of due care and diligence, and by negligence, so managed the said derrick and ropes, tackle and machinery used to hoist said heavy timbers, as to knock the prop which supported her said husband from under him, and precipitate him from a great height upon some timbers near the ground, when a large piece of timber, suspended by means of said derrick, fell upon him, by which said fall and fall of said heavy piece of timber her said husband was crushed, bruised, wounded, and so hurt that he languished in great pain, and died by reason of said wounds within twelve hours afterwards, and from thence and for all time deprived your petitioner of the companionship, comfort, labor and services of her said husband. That at the time said fall occurred, which so occasioned the death of her said husband, he was faithfully, cautiously, diligently, and without any fault on his part, performing his duty under the direction of defendant.

Your petitioner was thereby forced to lay out and expend divers sums of money, in the whole amounting to one hundred dollars, for attention in sickness and burial expenses of her said husband, while she endures inconsolable grief; and has sustained other damages, to the value of ten thousand dollars."

SMITH & RUSSELL, for plaintiff in error.

PEABODY & BRANNON, for defendant.

JACKSON, Chief Justice.

This was a general demurrer to plaintiff's declaration, in which she declared against the Eagle and Phenix Manufacturing Company for the homicide of her husband. The demurrer was sustained and the action dismissed, and this judgment is assigned as error.

This is an action authorized by statute, and the statute is codified in section 2971 of our Code. It authorizes the widow to sue for the homicide of her husband. The term homicide, used in the statute, means the killing of the husband in some unlawful manner. Code, §4313. Of course it cannot mean justifiable homicide, for it would be out of all reason to permit a recovery of damages from a person who had committed no unlawful act, but whom the law justified in doing what he did. The statute, therefore, means some grade of unlawful homicide. It is not alleged in the declaration that this corporation voluntarily through any agent or servant killed this man, nor is it averred that the homicide occurred by criminal negligence on the part of the company or any of its agents. The facts alleged do not show that any agent or servant of the corporation was guilty of murder or of any grade of manslaughter, voluntary or involuntary. If any criminality attached in this case, it was clearly unintentional, and must have made a case of involuntary manslaughter. Was it that offence?

The Code, section 4327, declares that "involuntary manslaughter shall consist in the killing of a human being without any intention to do so, but in the commission of an unlawful act, or a lawful act which probably might produce such a consequence in an unlawful manner." No unlawful act is alleged to have been committed here, nor any lawful act which probably might produce such a consequence in an unlawful manner. The allegation is that the defendant employed a careless and negligent superintend-

ent to manage a derrick, and ropes, tackle and machinery attached, and one or more careless, incompetent and negligent laborers, whereby the plaintiff's husband fell, by want of their care and diligence. It goes only to this extent. It does not make the case of voluntary or of involuntary manslaughter against anybody; and for such an accident, though it might have been avoided by care and diligence. we do not think that there can be a recovery under the statute. And so this court has held in principle. September term, 1880, *Daley vs. Stoddard.*

And here we might rest this case. But even if death had not ensued, and the action had been by the injured man for damages, under both the common law and the Code, we do not think the declaration sufficient. The Code seems emphatic: " The principal is not liable to one agent for injuries arising from the negligence or misconduct of other agents about the same business; the exception in case of railroads has been previously stated." Code, §2202. It is for his own negligence or misconduct that he is liable; and hence his liability rests on his own negligence or misconduct in the employment of his agents, and if he uses ordinary diligence in employing competent men, it is enough to relieve him. Sherman and Redfield, par. 90; 2d Thompson on Negligence, 971. He is not liable for negligence of a fellow servant while engaged in the same employment, unless he has been negligent in the selection of that servant, or retained him after knowledge of his incompetency. Sherman and Redfield, par. 86; 2 Thompson, 951, 969, 970, and cases there cited. Nor will the fact that the person proved incompetent of itself, and without more, show negligence of the master, but it must further appear that the master knew, or might have known by ordinary diligence, the incompetency of the agent or servant. Law of Master and Servant, 393, 429, 432; 2 Thompson, 969; Sherman and Redfield, 91; 1 American Railway R., 596.

To apply these principles to this case,—there is no alle-

gation that the defendant was negligent in employing the servants here, but it is only alleged that it did employ those who were negligent as it turned out. There is no allegation that it did not use ordinary diligence to employ competent and careful men, or that it knew when employed that they were not such, or retained them after such knowledge. Squaring these allegations with the law, we do not see that, admitting all that is alleged in the declaration, there can be a recovery against the company. It is true that this defendant is a corporation, and acts through agents, and can act in no other way; but we put its general agent, who employed these servants, precisely in the place of the company, and hold the company liable precisely to the extent that we would hold its general agent liable had he been principal. If he was negligent, and did not act with ordinary diligence in the employment of these servants for himself, he being a natural person and not acting for the corporation, then he would be personally liable; and if acting as the agent of this corporation, to employ these servants, he was neglectful and did not use ordinary diligence, then the corporation would be in like manner liable, but neither would be liable if ordinary diligence was used in the employment of the servants by him who employed them, whether as an individual or as the agent of the corporation.

An effort was made by the able counsel for the plaintiff in error to take this case out of these principles, on the ground that a special contract was made whereby it was stipulated and guaranteed that the company would employ competent and careful men; but we do not see any special contract set out in the declaration. It seems to be merely based upon the general duty of the employer to the employé. It is not alleged that there was in terms any special contract. It is not alleged that the parties met and made a special contract with stipulations on each side, but the allegation is simply that of the employment of a man to do work and corresponding duty

on the part of the employer to furnish competent assistants. But if this employment had been a special contract, as it is set out, we do not see how it makes the duty stronger than that which the law annexes to every employment of a servant—the duty to use ordinary diligence to employ competent and skillful fellow-servants. True, there might have been a contract made by which the competency and skill and care of the fellow-servants would have been warranted by the corporation, but certainly there is nothing of the sort alleged here. That one may waive the contract and sue for the tort as breach of duty, springing out of the contract, see 1 Add. on Torts, pp. 26 and 27, note 1; 2 *Ib.*, 527; 13 Peters, 181; Pierce on R. R. Law, 487–90. This is a case of that sort, if there be any contract here other than ordinary employment.

One of these servants employed in this work is called superintendent, and is alleged to have been at the head of the management of the derrick, etc.; but we do not see that he was such a general superintendent for this corporation as to make it liable as acting through him. On the contrary, the averment only makes him the head of a little job to do that job; and to all intents and purposes a fellow-servant.

The law in respect to the liability of railroad companies and druggists rests on other grounds. Code, §§3005, 2083, 3036, 2202.

Judgment affirmed.