[No. 5863.  Decided December 20, 1905.]

SAM ANDERSON, *Appellant,* v COLUMBIA IMPROVEMENT COMPANY *et al., Respondents.*[1]

MASTER AND SERVANT—NEGLIGENCE—ASSUMPTION OF RISKS.  There are no abnormal risks in the danger from falling limbs in the work of falling trees which call for instructions thereon, but the risks are open and apparent and assumed by an adult employee of ordinary intelligence who had been engaged in the work for a week, although he had had no previous experience with a tree of the same size.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered April 6, 1905, upon the verdict of a jury rendered in favor of the defendants, by direction of the court, dismissing an action for injuries sustained by an employee in falling a tree.  Affirmed.

*Govnor  Teats,* for appellant.

*Harvey L. Johnson* and *F. S. Blattner,* for respondents.

MOUNT, C. J.—Action for personal injuries.  At the trial of the case, when the plaintiff had introduced all his evidence, the lower court directed a verdict on motion of the defendants.  Plaintiff appeals.

The facts are substantially as follows:  During the summer of 1903, the respondents were constructing an electric

1Reported in 82 Pac. 1037.

power and light transmission line in Pierce county. About the 1st of July, appellant was employed as a common laborer in clearing the right of way of logs, brush, and timber along respondents' line. Appellant came to this country from Norway in June of 1903. At the time he was employed by respondents, he was unable to speak the English language. A countryman, who was a friend and engaged in the same employment with appellant, obtained work for appellant, and told him what he was to do. After the appellant had been employed for about a month, rolling logs, piling brush, digging holes for poles, and assisting to set the poles, he was sent with a fellow laborer to cut brush and small trees upon the right of way. He had been engaged at this work for about a week, when he and his associate cut down a fir tree about one foot in diameter at the base and about one hundred and thirty feet tall. This tree was dead and contained no limbs. When it was cut off at the base, it fell against another tree standing near by, and a limb was broken which fell upon appellant, severely injuring his arm. No instructions had been given appellant as to the danger connected with such work.

The complaint alleged that the work was dangerous, and that respondents were negligent in not informing appellant thereof. The answer pleaded contributory negligence and assumption of risk. Appellant testified that, at the time he was injured, he was looking at the bottom of the tree which was falling and not at the top, and for that reason did not see the limb which struck him.

Appellant invokes the rule laid down in numerous authorities, to the effect that,

"A master is *prima facie* bound to instruct a servant as to all risks which are abnormal or extraordinary and at the same time of such a kind that the servant cannot be held chargeable with an adequate comprehension of their nature and extent, or of the proper means by which to safeguard himself." 1 Labatt, Master & Servant, § 240.

See, also, 4 Thompson, Commentaries on Law of Negligence, § 4055; Wood, Master & Servant (2d ed.), § 354.

There can be no doubt but that this rule is correct, but it has no application to the facts of this case. There were no abnormal or extraordinary risks or dangers about the work which the appellant was doing which were not as open and comprehensible to appellant as to respondents. While the servant was a foreigner, unable to speak the English language, and while he had had no previous experience in cutting down trees the size of the one which caused the injury, he was a young man about twenty years of age, possessed of at least ordinary intelligence, and a fair education which he received in the old country, and he must have known that, when he cut down a tree one hundred and thirty feet long and one foot in diameter at the base, it might fall upon him, and that such tree was liable to break limbs in its descent against other trees standing near by, and that these limbs would injure him if he stood under them. Under such surroundings, he must appreciate the dangers without being specially informed thereof. 4 Thompson, Commentaries on Law of Negligence, § 4061.

Such dangers are necessarily incident to his employment. They are open and obvious to ordinary inspection. They are made by the progress of the work, and the master is not required to stand by and inform him of things which he may see by merely glancing, or using only ordinary care for his own safety. The injury in this case clearly resulted from one of the ordinary and open risks of his employment. He therefore assumed the risk, and the master is not liable.

The judgment is affirmed.

DUNBAR, ROOT, CROW, RUDKIN, FULLERTON, and HADLEY, JJ., concur.