## 194.  DENNIS *v.* SCHOFIELD'S 'SONS COMPANY.

In a suit by a servant against the master, where the injury to the servant has been occasioned by the negligence of another employee, the defense of common employment is excluded, or allowed to prevail, according as the delinquency in question was or was not a breach of one or more of what the law regards as the absolute, personal, or non-delegable duties of the master.

Action for damages, from city court of Macon—Judge Hodges. January 9, 1907.

Argued February 27,—Decided March 22, 1907.

*Glawson & Fowler, Joseph H. Hall,* for plaintiff.

*Hardeman & Jones,* for defendant.

POWELL, J.   The sole assignment of error in this case is upon the sustaining of a general demurrer to the plaintiff's petition. The material allegations of the petition are substantially as follows: The plaintiff was employed by the defendant company, a corporation engaged in the manufacture of iron goods and operating in connection therewith an iron foundry and a furnace for the purpose of melting pig iron and reducing it to a liquid state.   A part of the plaintiff's work was to open and close the out-hole of the cupola of a blast furnace; and on the day of the injury, while he was trying to close said hole, the defendant company's foreman, to whose orders petitioner was subject and under whose directions he was then working, suddenly, negligently, and without warning to him, turned on the blast in the furnace, driving air with particles of melted iron through the hole, and one of these heated particles of the iron struck him in the eye, destroying the sight thereof. The extent of the injury and damage done the plaintiff is set out at length; his freedom from fault is alleged, and the charge is made that the "injuries so received were caused entirely by the negligence of said J. S. Schofield's Sons Company, its agents, and employees, as aforesaid."

1. It will be seen that the liability of the defendant turns upon the question as to whether or not the foreman who negligently turned on the blast was or was not a fellow-servant of the plaintiff within the purview of the rule stated in the Civil Code, §2610, which provides that, "except in case of railroad companies, the master is not liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business."

Whatever may have been the tendency of Georgia decisions in the past, our courts may now be regarded as committed to the rational and logical doctrine that the character of the act with which the delinquent servant is entrusted and which he is performing, and not his rank, determines the question as to whether or not he is to be regarded as the fellow-servant of other employees. The question is fully discussed and plainly decided in *Moore* v. *Dublin Cotton Mills*, 127 *Ga.* 609, and elaboration on our part is unnecessary. In the performance of those duties placed upon the master by express law, or implied to him under the contract of employment, and variously designated as the "positive," "absolute," "personal," "non-delegable," or "non-assignable" duties of the master, the servant entrusted with them, even though he be the most menial in point of rank, is to the extent of such duties the alter ego or vice principal of the master. Conversely, the coemployee, however important be his official title, who is doing mere servant's work, or is engaged merely with the ordinary details of the labor, is to be regarded as a fellow-servant in the business at hand. By adopting this as the test, the Georgia courts have placed themselves in harmony with the most enlightened current of American juridical opinion. For a fuller discussion of the question and an abundant citation of authority, see Labatt's Master & Servant, Chap. XXXI. Tested by this rule, the act of the foreman in this case seems to have been that of a fellow-servant, and not that of an alter ego or vice principal of the master. It is true that it is charged that the foreman turned on the blast without warning, and that, under circumstances where the duty of warning arises, it is an absolute and non-delegable duty of the master; but the petition does not charge that this duty had been imposed upon the foreman, and the demurrer specially points out this fact. See, in this connection, *Cheeney* v. *Ocean Steamship Co.*, 92 *Ga.* 726. We conclude that the court did not err in sustaining the demurrer.

Counsel for plaintiff in error, apprehending that the *Moore* case, supra, which was decided subsequently to the hearing of this case in the court below, might control the case against him in this court, suggested in his argument that he might be able to perfect his petition by an amendment, so that it would set out a cause of action under the rule in that case, and requested that in the event of an affirmance of the judgment he should be granted leave to amend.

We have no inclination to conclude parties by judgments upon the pleadings, where a substantial right can be protected by the allowance of amendments. This court, therefore, in affirming the judgment gives direction that if the plaintiff will file in the court below, before the remittitur from this court is entered on the minutes of that court, an appropriate amendment whereby the petition shall set out a sufficient cause of action, the case may be reinstated. As precedents for this direction, see *Wynne* v. *Alford,* 29 *Ga.* 694; *Central R. Co.* v. *Paterson,* 87 *Ga.* 646; *Coney* v. *Horne,* 93 *Ga.* 724 (3).      ·      *Judgment affirmed, with direction.*