## 1865. STANDARD COTTON MILLS v. COLLUM.

1. When a servant brings suit against his master for personal injuries received in the course of the employment, and the conduct of a coemployee is involved, the latter, however important be his official title, is to be regarded as a fellow servant as to the work at hand, if he is employed by authority of the master in doing mere servant's work or is engaged solely in executing the ordinary details of the labor.

2. A servant may recover of a master for injuries resulting from the concurrent negligence of the master and a fellow servant.

Action for damages, from city court of Polk county—Judge Irwin. April 19, 1909.

Argued June 23,—Decided July 6, 1909.

*Bunn & Bunn,* for plaintiff in error.

*W. B. Mebane, M. B. Eubanks, Trawick & Ault,* contra.

POWELL, J. 1. The plaintiff's petition alleged a case in which he was hurt by the concurrent negligence of the master and a fellow servant. He alleged, that he had been sent up 25 feet on a ladder, to hold the top of a long belt which had become loose and was lying off the pulley but over and around the revolving shaft; and another employee was to cut the belt and tighten it while he supported it off the shaft with his hand. As he caught the belt in the fold, to raise it, he discovered that it had been dressed with sticky belt dressing, which caused his hand to cling to the belt so that he could not turn it loose. Simultaneously with his lifting the belt and becoming stuck to it, the other employee gave it a jerk which brought the belt and the plaintiff's hand down into contact with the revolving shaft, and from this the plaintiff's arm was seriously injured. These, we say, are substantially the allegations of the petition. It is true that it is alleged that the employee who was engaged with the plaintiff in mending the belt was a superior servant and a vice-principal of the master; but since he, as well as the plaintiff, was engaged in the present transaction in doing duty as a servant, and not as a representative of the master, they were fellow servants. *Dennis* v. *Schofield,* 1 *Ga. App.* 489 (57 S. E. 925) ; *Moore* v. *Dublin Mills,* 127 *Ga.* 609 (56 S. E. 839, 10 L. R. A. (N. S.) 772). "The coemployee, however important be his official title, who is doing mere servant's work, or is engaged merely with the ordinary details of the labor, is to be regarded as a fellow servant in the business at hand." *Dennis* v. *Schofield,* supra.

2. At the trial the plaintiff proved his case as laid. The salient facts, however, were hotly disputed. The coemployee, as a witness for the defendant, denied that he had jerked the belt at all. Other witnesses for the defendant testified, that while a sticky belt dressing is sometimes used by some persons on slack belts, no such practice was allowed in the defendant's plant; that the belts there were dressed exclusively with an oily dressing, which would not cling to the hand or other objects brought into contact with it; that to dress belts with gummy dressing is improper. The jury returned a verdict in favor of the plaintiff. The assignments of error raise only the question that the verdict is without evidence to support it. The plaintiff's testimony made a case of concurrent negligence on the part of the master and the fellow servant, the master's delinquency being that he allowed the belt to be dressed with the gummy dressing, and allowed his servant to go to work upon it without warning him of the facts so that he might protect himself from the danger which would result from working with it in the usual manner, and the fellow servant's negligence being that he jerked the belt while the plaintiff's hand was fastened to it by the gummy dressing. It was shown that neither of these things would have been sufficient to cause the injury if the other had not concurred. Where the injury is produced by the concurrent negligence of the master and a fellow servant, the injured servant may recover. *Cheeney* v. *Ocean Steamship Co.*, 92 *Ga.* 732 (19 S. E. 33, 44 Am. St. R. 113); *So. Ry. Co.* v. *West,* 4 *Ga. App.* 679 (62 S. E. 141). The jury had the right to believe this theory of the case, to the exclusion of the defendant's testimony. On the other hand, they might have believed the plaintiff's testimony so far as the improper dressing of the belt was concerned, and have believed the defendant's testimony to the effect that the coemployee did not jerk the belt; and in this view they would have been authorized to find that the injury resulted solely from the negligence of the defendant. Under either of these views the verdict may be sustained, unless the plaintiff had assumed the risk or was guilty of contributory negligence. If the belt was improperly dressed, as the jury has declared it to have been, there is evidence from which the jury could have inferred the plaintiff's knowledge of the fact, but while such an inference would have been warranted under the evidence, the

testimony was not such as to demand that finding. As there is no complaint as to the charge of the court, we presume that the issue as to this was fairly and fully submitted to the jury. The judgment should therefore be                                                    *Affirmed.*