## HAGINS *v.* SOUTHERN BELL TELEPHONE &c. CO.

When a servant is engaged with others in pulling down, by means of a rope attached thereto, a tree being felled in an open space, the danger of his being injured by the fall thereof is an obvious one, and known, or should be known to the servant; and in the absence of an express contract on the part of the master to give warning when the tree begins to fall and in what direction it will fall, there is no duty on him to do so.

(*a*) The failure of foremen in charge of the details of such work (who at the time of the injury, because of the absence of other employees, are engaged with the servant who is injured in pulling on a rope to guide the direction of the fall of the tree) to warn the servant when it begins to fall and in what direction it will fall, or to station themselves or others elsewhere to give such warning, can not be charged against the master as negligence entitling the servant to recover damages for in-

juries received by reason of the tree falling on him. There being no non-delegable duty resting on the master to thus warn the servant, the negligence of the foreman, if any, is that of a fellow-servant.

(b) The court committed no error in dismissing the petition upon the general demurrer filed thereto.

JUNE 22, 1910.

Action for damages.    Before Judge Charlton.    Effingham superior court.    April 13, 1909.

*Gignilliat & Heidt* and *Travis & Travis,* for plaintiff.

*Osborne & Lawrence,* for defendant.

HOLDEN, J.    The gist of the plaintiff's allegations may be stated as follows:    With other servants of the master, he was engaged in pulling down, by means of a rope, a tree which was being felled. The tree was to be so pulled as to fall within a space of about 80 feet between the wires of the defendant company on the one side and a railroad track on the other.    The work was under the charge and direction of one who was a general foreman over several gangs, and another employee who was immediate foreman over the gang in which the plaintiff worked.    Usually six men pulled the rope; but at the time of the injury for which suit is brought, only four had hold thereof, two of them being the foremen above referred to. The tree in falling struck and injured the plaintiff.    He claims the company is liable to him in damages, because it was negligent in not warning him when it began to fall and in which direction it was falling, which he alleges it was the duty of the foremen in charge of the work to do, and their failure to do so was the sole cause of his injury, he being free from fault.    He alleges that the immediate foreman was the alter ego of the company, and that he had a right to rely and did rely on receiving warning from him, or the other foreman, or the master, or some one by them provided for that purpose, when the tree began to fall and in what direction it was falling in time for him to escape injury, for which reason and the fact that he was engaged in pulling on the rope he did not discover that the tree was falling until it was half-way down. The allegations above stated are amplified, but it is unnecessary to state them more in detail, as the plaintiff's right to recover depends upon whether the facts above set forth give him a cause of action.

A servant assumes the ordinary risks of his employment, whether or not such employment be of a dangerous character.    One who is pulling on a rope fastened to a tree being felled in an open space,

for the purpose of pulling the tree down and so guiding it that it may fall in some general direction, incurs an obvious danger of the tree falling on him, and he either knows of such danger, or is chargeable with knowledge thereof. Under such circumstances there is no hidden danger, but one which is as obvious to the servant as to the master. Such danger is an incident to the *very work* in which the servant is engaging, and does not come from an independent agency. A case of this character differs from that class of cases in which the danger arises from sources disconnected with the details of the work upon which the servant at the time is employed; as, for instance, where an employee is working in a mine, and the danger is occasioned by the firing of a blast by other fellow-servants at irregular intervals in other parts of the mine. Among the non-assignable duties of the master are those of furnishing the servant a reasonably safe place in which to work, and to give the servant warning of dangers incident to the employment, unknown to the servant, of which the master knows or ought to know. When a tree being felled in an open space is guided in the direction in which it falls by a rope which the servant is pulling, there is no duty imposed upon the master to warn the servant when the tree begins to fall and in what direction it is falling, in order that the servant may escape being injured by its fall. In this connection, see Anderson *v.* Columbia Improvement Co., 41 Wash. 83 (82 Pac. 1037, 2 L. R. A. (N. S.) 840), and authorities cited in note; Melton v. Jackson Lumber Co., 133 Ala. 580 (31 So. 848) ; *Allen* v. *Augusta Factory,* 82 *Ga.* 76 (8 S. E. 68) ; *Holland* v. *Durham Coal & Coke Co.,* 131 *Ga.* 715 (63 S. E. 290). The petition alleges that it was the duty of the foreman in immediate charge of those engaged in the work of felling the tree to warn the latter when the tree began to fall and in what direction it was falling. As there was *no duty* on the master to give such warning, the failure of the foremen to thus warn the servants, if any such duty rested on them, is not chargeable to the master, being an act of negligence by a fellow-servant for which the master is not responsible. *Moore* v. *Dublin Cotton Mills,* 127 *Ga.* 609 (56 S. E. 839, 10 L. R. A. (N. S.) 772) ; *Dennis* v. *Schofield's Sons Co.,* 1 *Ga. App.* 489 (57 S. E. 925). The court committed no error in dismissing the petition upon general demurrer thereto.

*Judgment affirmed. All the Justices concur.*