[No. 10060.　Department Two.　February 8, 1912.]

F. H. FISHER, *Respondent*, v. STONE & WEBSTER
ENGINEERING CORPORATION *et al., Appellants*.[1]

MASTER AND SERVANT—ASSUMPTION OF RISKS—OBVIOUS DANGERS—
EVIDENCE—SUFFICIENCY. The risk of being struck by the butt of a
falling tree is obvious and necessarily incident to the work of slash-
ing trees and brush and is assumed by a man, thirty-four years of'
age, of ordinary understanding and experience, although he had had
no previous experience in that work and was not warned of the
danger.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered August 9, 1911, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
for personal injuries sustained by an employee in falling a
tree.　Reversed.

*Farrell, Kane & Stratton*, for appellants.

*E. H. Guie*, for respondent.

MOUNT, J.—The plaintiff recovered a judgment for per-
sonal injuries.　The defendants have appealed.

It appears that, during the summer of 1909, the defend-
ants were engaged in clearing the brush and timber from a
right of way for an electric railway.　The defendant A.
Spotts was the foreman of the engineering company in
charge of the work.　The plaintiff had been in the employ
of the defendants for several months.　In the month of Sep-
tember of that year, he was set to work with a number of
other men at slashing and burning brush and small trees
upon the right of way.　He had previously had no experi-
ence in this class of work.　On September 9 in the morning,
after he had been engaged in slashing brush and trees for
two or three days, he felled a tree, about sixteen inches in
diameter at the base, into the right of way.　Mr. Spotts,
who happened to be present at that time, directed the plain-

[1]Reported in 120 Pac. 44.

tiff to fall such trees so that they would go out of the right of way. In the afternoon, while Mr. Spotts was not present, the plaintiff chopped down a tree about ten or twelve inches in diameter at the base and about sixty feet in height. This tree leaned toward the right of way. Plaintiff chopped the tree so that it would fall out of the right of way. As the tree fell it struck upon brush or trees standing at the edge of the right of way so as to cause the butt of the falling tree to "kick back." As the tree did so, it caught the plaintiff's leg and injured him. The negligence alleged was that,

"The defendant directed and caused the plaintiff to fall the said tree into the woods along said right of way, instead of allowing such tree to be felled into the right of way, said right of way being cleared and free from other trees and obstructions at said point; that the natural slant of said tree was, when cut, to fall into the said right of way, which was the only safe and natural place to fall such tree; that plaintiff obeyed the instructions of defendant's foreman, the said A. Spotts, and cut said tree down so that the same fell into the woods when cut and struck another tree, and the end of the tree cut by plaintiff fell back and struck plaintiff."

We are satisfied that the trial court should have dismissed the case upon the defendants' motion for a directed verdict, made both at the close of the plaintiff's evidence and again at the close of the case. While it was shown that the plaintiff was inexperienced in slashing brush and trees, prior to the time he began such work, two or three days prior to his injury, he was shown to be a man thirty-four years of age, and at least of ordinary understanding. In fact, he had been engaged for several years in occupations requiring skill and judgment. It is apparent that he knew how to fall trees, for he caused this particular tree to fall away from the way it was inclined. If defendants were negligent in directing the plaintiff to fall the tree outside of the right of way, such negligence was not the cause of the plaintiff's injury. The fact that trees were negligently or wilfully thrown upon property where they did not belong might be

cause for complaint by the owners of such property, but
defendants would not incur liability to their servants by rea-
son thereof.   If there was any negligence in the case, it con-
sisted in the failure of the defendants to warn the servant of
dangers which the master knew, or should have known, and
the servant did not know and by ordinary care could not dis-
cover.   Assuming that the complaint charged such negli-
gence in this case—for that seems to be now the theory of
the plaintiff, because many cases are cited which are based
upon that rule—it seems clear that the danger of falling
trees either into or without the right of way was as open
and apparent to the plaintiff as it was to the master, and
therefore does not fall within the rule contended for.   The
foreman was not present when the tree was cut.   He had
previously directed the plaintiff to fall the tree out of the
right of way.   The plaintiff undertook to do so without
further direction, and did so successfully, although the tree
leaned toward the right of way.   The plaintiff probably
knew where the tree was going to fall, by the way he cut it.
He no doubt could see, after it started to fall, where it was
going and what trees and brush it would encounter in its
fall.

This case cannot be distinguished from the case of *An-
derson v. Columbia Imp. Co.*, 41 Wash. 83, 82 Pac. 1037, 2
L. R. A. (N. S.) 840.   In that case we said:

"He [the plaintiff] must have known that, when he cut
down a tree one hundred and thirty feet long and one foot
in diameter at the base, it might fall upon him, and that such
tree was liable to break limbs in its descent against other
trees standing near by, and that those limbs would injure
him if he stood under them.   Under such surroundings, he
must appreciate the dangers without being specially informed
thereof.   4 Thompson, Commentaries on Law of Negligence,
§ 4061.   Such dangers are necessarily incident to his em-
ployment.   They are open and obvious to ordinary inspec-
tion.   They are made by the progress of the work, and the
master is not required to stand by and inform him of things
which he may see by merely glancing, or using only ordinary

care for his own safety. The injury in this case clearly resulted from one of the ordinary risks of the employment. He therefore assumed the risk, and the master is not liable."

What was said there is equally applicable here, because the cases are practically the same.

The judgment is reversed, and the cause ordered dismissed.

DUNBAR, C. J., MORRIS, FULLERTON, and ELLIS, JJ., concur.