### 6165.   STUDEVANT *v.* BLUE SPRINGS LUMBER CO.

WADE, J.   1. It appears from the petition that the injury sued for occurred because the superintendent of the defendant company, without warning to the plaintiff, pressed down upon a certain moving belt with an iron rod at the exact time the plaintiff was in the act of replacing that belt on a pulley. From the allegation that the belt "had previously slipped from said pulley and had been replaced without the use of said rod and without injury to any one," it is apparent that the proximate cause of the injury was not the failure of the defendant to have the belt properly adjusted or to inspect it, but was the negligence of the superintendent in attempting to use the iron rod.

2. The fact that the vice-principal of the defendant company (who was in charge of the mill and of the operation thereof, with authority to employ hands and give orders to the employees, all of whom were under his direction, including the plaintiff) directed the plaintiff to perform a particular act would not relieve the plaintiff from the legal consequence of assuming the risk of an obvious danger and attempting to replace a belt while the machinery to which it was attached was in motion, where nothing appears to indicate any less certain, definite, and precise knowledge of hazard thereby incurred than the superintendent himself was in possession of.

3. The defendant was not liable because of an injury that resulted from a negligent act of its superintendent or vice-principal in the discharge of labors or duties outside of the non-delegable duties of the master (in the performance of which he was the master's representative) and while merely doing servant's work or engaged solely in executing the ordinary details of labor. *Dennis* v. *Schofield's Sons Co.*, 1 *Ga. App.* 489 (57 S. E. 925); *Standard Cotton Mills* v. *Collum*, 6 *Ga. App.* 426 (65 S. E. 195); *Hagins* v. *Southern Bell Telephone &c. Co.*, 134 *Ga.* 641 (68 S. E. 428, 137 Am. St. R. 270, 20 Ann. Cas. 248); *Moore* v. *Dublin Cotton*

*Mills,* 127 *Ga.* 609 (56 S. E. 839, 10 L. R. A. (N. S.) 772). The super-intendent was a mere fellow servant of the plaintiff as to the negligence on his part which brought about the injury.

4. The court did not err in sustaining the demurrer to the petition as amended.                              *Judgment affirmed.*

DECIDED AUGUST 4, 1915.

Action for damages; from city court of Quitman—Judge Long. October 21, 1914.

*O. M. Smith,* for plaintiff.

*Branch & Snow,* for defendant.