## 10550.　BUCKEYE COTTON OIL COMPANY *v.* EVERETT.

STEPHENS, J. 1. A person employed as a superintendent or foreman, having authority to supervise the master's business and to employ and discharge employees and direct them in their work, is the vice-principal or alter ego of the master, and his negligence in the discharge of such duties may be imputed to the master.

2. "The master is negligent and responsible to the servant for injuries resulting proximately therefrom if by his order he caused the servant to do an act which exposed him to danger known to the master but unknown to the servant." *Southern Cotton Oil Co.* v. *Gladman*, 1 *Ga. App.* 259 (58 S. E. 249).

(*a*) From the petition in this case it appears that the plaintiff was employed by the defendant company to do general utility and repair work in its mill, and that it was his duty to carry out the instructions and commands of a named foreman or superintendent, who was the alter ego of the defendant; that the defendant, through the foreman or superintendent, directed the plaintiff to assist another servant in repairing a certain attachment belonging to a piece of machinery, and, in order to carry out the instruction, it became necessary for him to detach this attachment from the machinery and carry it aside, which the master through such foreman or alter ego ordered him to do, and while in the performance of this latter duty, which was done with the assistance of such foreman, the attachment, on account of its excessive weight and the consequent inability of the foreman or superintendent to

guide it, swerved and fell upon the plaintiff and injured him; that the attachment was deceptive in appearance as to its weight, weighing considerably more than, from its peculiar structure, it appeared to an inexperienced eye to weigh, and was entirely too heavy to be lifted with reasonable safety by two persons, and that its excessive weight and the consequent danger which attended lifting and carrying it with only one assistant were known to the master and unknown to the plaintiff. Under these allegations the proximate cause of the injury may be regarded as the wrongful act of the master, through the superintendent or foreman as alter ego, causing the servant to do an act which exposed him to a danger known to the master but unknown to the servant, and which the latter did not have equal means with the master of knowing, and ' could not have known by the exercise of ordinary care. The fact that the foreman may be regarded as a fellow servant while assisting the injured servant will not affect the above ruling, even though his negligence as a fellow servant may in some degree have contributed to the injury, although not the proximate cause thereof. *Beard* v. *Georgian Mfg. Co.*, 8 *Ga. App.* 618 (70 S. E. 57).

3. The trial judge did not err in overruling defendant's motion to dismiss the petition, upon the ground that it failed to set out a cause of action.

        *Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*
        DECIDED FEBRUARY 7, 1920.

Action for damages; from Bibb superior court—Judge Mathews. April 21, 1919.

*Miller & Jones,* for plaintiff in error.

*Sibley & Sibley, Hall & Grice,* contra.