12579.   MACK v. AMERICAN AGRICULTURAL CHEMICAL CO.

STEPHENS, J. 1. Where there are several possible causes of an event and
the evidence authorizes an elimination of all but one of such possible
causes as having no causal connection therewith, it may be inferred,
in the absence of any evidence, either direct or circumstantial, con-
necting the remaining possible cause as having a causal relation to
the event, that the last remaining possible cause was the cause of the
event.

2. It follows therefore that where a suit for personal injuries is predi-
cated upon the alleged negligence of the defendant in insecurely tying a
chain which the defendant had wound around a post for the purpose
of safely securing a pulley or some such similar attachment to the
chain, the mere fact that the chain became unwound from the post will,
in the absence of evidence that the chain became unwound from any
cause other than its being insecurely tied, authorize the inference that
the defendant insecurely tied the chain. Where there was evidence to
the effect that the chain was, before it was used as above indicated,
good and in no wise defective, and that the noise made by the chain
when breaking loose from the attachment was not such a noise as would
have been made by a breaking chain, or by the breaking loose of a hook
affixed to the attachment hooking it to the chain, but was such a noise
as could only have been made by the chain becoming unwound from
the post, the inference is authorized that the chain did not become dis-
engaged on account of its breaking, or that the hook broke loose from
the attachment, but that the chain became unwound.

3. The evidence authorized the inference that the only possible cause of the
chain becoming unwound from the post and thereby releasing the attach-
ment and causing the latter to hit and injure the plaintiff was that the
chain was insecurely tied, and that the insecure condition of the chain
was most probably due to the negligence of the defendant.

4. " A person employed as a superintendent or foreman, having authority
to supervise the master's business and to employ and discharge em-

ployees and direct them in their work, is the vice-principal or alter ego of the master, and his negligence in the discharge of such duties may be imputed to the master." *Buckeye Cotton Oil Co.* v. *Everett,* 24 *Ga. App.* 738 (1) (102 S. E. 167). Where the master, through his alter ego or vice-principal, undertakes to provide for the servant a suitable appliance to be used by him in the performance of a particular work, superintending and directing himself the manner of construction, and in consequence of his negligence the appliance is so imperfectly constructed that in its proper use the servant is injured, the master would be liable. *Blackman* v. *Thomson-Houston Elec. Co.,* 102 *Ga.* 64, 70 (29 S. E. 120). The evidence in this case authorized the inference that the foreman directing the tying of the chain around the post was the alter ego or vice-principal of the master, and that the chain under his direction was so negligently and imperfectly tied that in its proper use by the plaintiff he was injured by reason of such defect.

5. It was error for the court to award a nonsuit.

*Judgment reversed. Jenkins, P. J., and Hill,.J., concur.*

DECIDED MARCH 4, 1922.

Action for damages; from city court of Savannah — Judge Freeman. May 16, 1921.

*Shelby Myrick,* for plaintiff.

*Seabrook & Kennedy,* for defendant.