*R. W. Barnes,* for plaintiff in error.

*H. C. Beasley,* contra.

---

16094.   BARROW COUNTY COTTON MILLS *v.* FARR.

1. In a suit by a servant for an injury arising from negligence of the master in failing to furnish proper machinery or appliances, or a safe place of work, the servant, to be entitled to recover, must show, among other things, that he did not have equal means with his master of knowing of the danger.

2. The evidence failing, as a matter of law, to show that, if the defendant was guilty of negligence, the plaintiff did not have equal means of knowing of the alleged negligent defects complained of, the verdict found for the defendant was demanded, and it was error to grant the plaintiff's motion for a new trial.

DECIDED APRIL 16, 1925.

Action for damages; from Barrow superior court—Judge Russell.   October 13, 1924.

In this action for damages by W. A. Farr against Barrow County Cotton Mills, a verdict having been found for the defendant, the plaintiff filed a motion for a new trial, in which, besides the usual general grounds, the only exceptions were to the failure of the court to give in charge to the jury certain principles of law alleged to have been involved under the pleadings and the evidence.   The motion was granted, and the defendant excepted.

The petition alleged: that the plaintiff was employed by the defendant as the foreman or boss of the defendant's dye-room, and that one of his duties was to check in such cotton as was hauled to the defendant's mill to be made into cloth; in the discharge of which duty it was necessary for the plaintiff to leave his regular station and go into the yard when cotton was brought in; that on December 16, 1919, it became necessary for him to "check in some cotton that was being hauled to the defendant's mill," and that while he was so employed, a bale of cotton "was knocked off of the two-ton truck belonging to defendant," and fell in the direction of the plaintiff; that as he leaped in an effort to avoid being struck, "he slipped and fell on some ice which through the negligence of the defendant was over the yard of the defendant's mill," and the

bale of cotton fell upon him and broke one of his legs.   The suit
was to recover for this injury.

The petition as amended alleged: that the yard was nearly
"covered with ice which was caused by a leakage in the pipes"
which the defendant had installed to supply the mill with water,
and that the defendant was negligent "in not providing petitioner
with a safe place in which to work; that defendant was further
negligent in failing to repair said water-main within a reasonable
time after the same had [burst], and defendant was further negli-
gent in allowing the thick deposit of ice to remain on its yard
after defendant knew or should have known of the presence of said
ice." "Petitioner shows that it was not his duty to inspect nor
repair the water-mains which had frozen and burst and which de-
fendant had negligently allowed to remain in such dangerous con-
dition, and petitioner shows that from day to day as said pipes
would leak, the water leaking therefrom would freeze and spread
over the yard of defendant's mill." "Petitioner shows that he was
not fully aware of the dangerous condition of said yard nor of the
size and thickness of said spot of ice and the danger therefrom,
and petitioner did not have equal means with defendant of know-
ing of the dangerous slippery conditions of said yard, and  .   .
petitioner shows that defendant knew or ought to have known of
the dangerous and slippery condition of said yard." "Petitioner
shows that defendant was negligent in that said defendant, through
its [president], ordered  .   .  petitioner onto said yard, while
said yard was in an unsafe and dangerous condition, to perform
the task of checking and unloading said cotton, and defendant was
further negligent in failing to warn petitioner of the danger con-
fronting him in going upon said yard and of the presence of the
ice thereon." "Petitioner shows that defendant corporation had
no bed or body on said truck for the purpose of retaining said
bales of cotton on said truck, nor were there any rails or other
obstacles or obstructions or protection around the side of said truck
to prevent cotton from falling therefrom, and petitioner alleges
that defendant was negligent in not providing a rail or retaining
wall or other suitable protection around the side of said truck to
retain said cotton and to prevent the same from falling in any
direction other than the direction in which said bales may have
been guided and directed by persons lowering said cotton from said

truck to the ground of defendant's mill-yard. Defendant was further negligent in ordering . . petitioner to leave his regular station or place of work in the dye-room of defendant's mill building, to work in close proximity to a dangerous instrumentality in the nature of said unguarded truck loaded with bales of cotton, said truck being without guard-rails, ropes, or other kind of retainers to prevent said bales of cotton falling; and petitioner alleges that defendant knew or should have known of the dangerous condition of said truck in being without guard-rails or retainers, and . . petitioner was without equal means of knowing of the danger from the defective condition of said truck." The petition further alleged that the plaintiff "was wholly free from fault in the premises."

*G. A. Johns*, for plaintiff in error.

*R. B. Russell Jr.*, contra.

BELL, J. (After stating the foregoing facts.)

It is suggested in the brief of the attorney for the defendant in error that a demurrer to the petition was overruled, and that since no exceptions have been taken to that judgment, the petition stands as sufficient under the law of the case, and that, gauging the evidence accordingly, a verdict for the plaintiff would have been authorized. The defendant in error has not sought to have the demurrer and the judgment thereon included in the record, but, even assuming that a *general* demurrer to the petition was overruled without exception, we are still of the opinion that a verdict for the defendant was demanded, and therefore that the court erred in setting it aside.

It is well settled that if a particular verdict is demanded, even the first grant of a new trial is error, irrespective of any errors in the charge of the court.

The plaintiff testified that the pipes, in several places, had been leaking, and that he had seen the water standing about them for some days before his injury. The "spot of ice" on which he slipped was about as big as a table pointed out in the court-room. He had not seen the ice before, but there was nothing to hide it from him. He did not think anything about the dangerous condition of the yard until he got hurt. He did not know what caused the bale of cotton to fall, except that a bale starting the other way "kicked this one" and it fell on him. He was required to be on the yard practically every day at that time of the year. He did not think

the cotton was tied with ropes, and there was, on the truck, no guard-rail nor anything to prevent the cotton from falling. The plaintiff further testified: "On this particular occasion I had two vehicles running, a dray driven by Mr. Roberts and a truck driven by Jack Kemp. I also had some colored help, helping to load and unload. . . Sometimes we would stack this cotton on the truck and sometimes we would stand it on the ends. . . I hired these men. . . I hired the men in my department. . . These boys that I named yesterday, their duties were to do anything I told them to do. . . They were working under my supervision. I sent them out there to help haul that cotton. . . If we were hauling cotton from a distance we would tie ropes around it; of course, when we were unloading it we had to take the ropes or rails, or whatever was holding the cotton, off, to unload it. When unloading cotton, if we have it fastened on or had guard-rails around it, we would have to take them off of at least one side." There was no other evidence tending to show negligence by the defendant or illustrating the conduct of the plaintiff.

Whatever else might be said with respect to deficiencies in the evidence, it conclusively appeared that the plaintiff failed to prove the allegation of the petition that he did not have equal means with his master of knowing of the danger which resulted in his injury, and consequently he was not entitled to recover, whether the petition be taken as the law of the case or whether his right was to be established under the law of the land. The verdict found for the defendant having been demanded, the court erred in granting a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*