25682. HAYNIE *v.* FOREMOST DAIRIES INCORPORATED.

JENKINS, P. J. 1. "Except in case of railroad companies, the master shall not be liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business." Code, § 66-304. The term "vice-principal," as used in the fellow-servant law, includes any servant who represents the master in the discharge of those personal or absolute duties which every master owes to his servants; such duties being often referred to as the non-assignable duties of a master. Among those duties of the master are, providing machinery and appliances, the place to work, the inspection and repair of the premises and appliances, the selection and retention of servants. This enumeration is illustrative rather than exhaustive. It is not the grade, title, or position in the service that determines whether a person is the vice-principal of the master or a fellow-servant, but it is the duty which the person performs toward the other servants. *Moore* v. *Dublin Cotton Mills,* 127 *Ga.* 609 (2-4) (56 S. E. 839, 10 L. R. A. (N. S.) 772). Therefore, whenever the vice-principal of a master in fact enters upon the discharge of duties which relate solely to the ordinary work and functions of a servant, he will, independently of his title or position, be presumed to have assumed the status of a mere servant, with the result that when he thus acts the master is not liable for his acts of negligence whereby another

servant is injured. *Whiters* v. *Mallory Steamship Co.*, 23 *Ga. App.* 47 (2) (97 S. E. 453); *Studevant* v. *Blue Springs Lumber Co.*, 16 *Ga. App.* 668 (85 S. E. 977); *Wallace* v. *Kimball Co.*, 20 *Ga. App.* 617 (93 S. E. 260); *Dennis* v. *Schofield's Sons Co.*, 1 *Ga. App.* 489, 490 (57 S. E. 925); *Standard Cotton Mills* v. *Collum*, 6 *Ga. App.* 426 (65 S. E. 195).

2. Under the preceding rulings, a master is not liable for the negligence of his superintendent and foreman, even though he may have been vested by the master with complete authority over the erection and repair of a building of the master and over the employment, discharge, and work of the employees engaged therein, including the injured servant, where the alleged negligence of such suprintendent and foreman did not consist in a violation or omission of any non-assignable duty of the master, or the issuance of any command given as such a vice-principal, but lay solely in his removal of his hands, without warning to the servant, from a ladder which he was holding in place and on which the servant had mounted, and in thus causing the ladder to fall. In such a case, the negligence did not consist in ordering the plaintiff to mount the ladder, but in failing properly to execute the duties of an ordinary fellow-servant, the performance of which the foreman had assumed. Accordingly, the petition as amended failed to state a cause of action, and the court properly dismissed it on general demurrer.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED OCTOBER 17, 1936.

*Don K. Johnston,* for plaintiff.
*Neely, Marshall & Greene,* for defendant.

