26951.   ABERCROMBIE *v.* IVEY.

DECIDED DECEMBER 5, 1938.   ADHERED TO ON REHEARING, DECEMBER 20, 1938.

*Walter D. Sanders,* for plaintiff in error.

*Stanford Arnold,* contra.

PER CURIAM. This is a suit by a servant against his master for an injury alleged to have been caused by the master's negligence in failing to furnish to the plaintiff a safe place in which to work and safe machinery to work with, and in failing to warn the plaintiff as to the dangers of the machinery furnished. Other alleged acts of negligence were specified, which, under our view of the case, are not necessary to be set forth. We think that the case is controlled by the decision in *Barrow County Cotton Mills* v. *Farr,* 33 *Ga. App.* 730 (127 S. E. 788), where this court held: "In a suit by a servant for an injury arising from negligence of the master in failing to furnish proper machinery or appliances, or a safe place of work, the servant, to be entitled to recover, must show, among other things, that he did not have equal means with his master of knowing of the danger. . . The evidence failing, as a matter of law, to show that, if the defendant was guilty of negligence, the plaintiff did not have equal means of knowing of the alleged negligent defects complained of, the verdict found for the defendant was demanded, and it was error to grant the plaintiff's motion for a new trial." Applying the foregoing ruling to the facts of the instant case, the verdict in favor of the plaintiff was contrary to law and the evidence, and the refusal to grant a new trial was error. See also *Hines* v. *Little,* 26 *Ga. App.* 136 (105 S. E. 618); *Louisville & Nashville R. Co.* v. *Dunn,* 21 *Ga. App.* 379 (94 S. E. 661).

*Judgment reversed. Broyles, C. J., and Guerry, J., concur. MacIntyre, J., dissents.*

#### ON REHEARING.

GUERRY, J. A ginner, employed by the owner "to operate this engine and these gins, to keep the gins clear and to see that the cotton is properly ginned," assumes the ordinary risks incident to such work. Such an employee knows, or should know, as well as the master that it is dangerous to place his hand between the breast of the gins and the saws. When the gin becomes clogged, he knows as well as the master that there is danger in removing the motes, or whatever has clogged the gin, by putting his hand between the saws and the breast of the gin, even though the machinery is stopped. See, in this connection, *Worlds* v. *Georgia Railroad &c. Co.,* 99 *Ga.* 283 (25 S. E. 646); *Horne* v. *Atlanta, Birmingham & Coast R. Co.,* 47 *Ga. App.* 116 (169 S. E. 760), and cit.

The fact that the master instructed the plaintiff to stop the machinery and take out the obstruction with his hand does not prevent him from taking notice of the ordinary and familiar laws of nature applicable to the subject to which his employment relates, and if he fails to do this, and in consequence is injured, the injury is attributable to the risk of the employment and the master is not liable. Nor does the fact that he was acting under the order of the master alter the case. " 'If the order was negligent and the servant knew of the peril of complying with it, or if he had equal means with his master of knowing of the peril, or by the exercise of ordinary care might have known thereof, then he can not recover for an injury received in complying with the order.' *Southern Ry. Co.* v. *Taylor,* 137 *Ga.* 704 (1 *a*) (73 S. E. 1055)." *Central of Georgia Railway Co.* v. *Lindsey,* 28 *Ga. App.* 198 (2) (110 S. E. 636), and cit.

No facts are alleged or evidence offered in this case to show that the plaintiff servant did not or could not know equally with the defendant master of the danger incident to the transaction. He assumed a risk incident to his employment, a risk the existence of which he either knew or by the exercise of ordinary care should have known. A verdict in his favor is not supported by the evidence.

*Judgment adhered to. Broyles, C. J., concurs. MacIntyre, J., dissents.*

MacINTYRE, J., dissenting. I fully recognize the principles cited and relied on in the majority opinion. If the application of these principles to the facts of this case was the only question that need be decided upon a decision of the general grounds of the motion for new trial, I might agree with the ruling of the majority, though dubitante. I am of the opinion, however, that the verdict of the jury can not be reversed upon the general grounds. Conceding that the plaintiff assumed the risk of getting his hand caught in the machinery, it was alleged that the injury actually done to his hand, and necessitating its amputation, was not the result of getting his hand lodged therein, but that after this occurred and some injury was done to his hand the defendant master, in attempting to extricate him from the machine, negligently turned a part of the mechanism of the machine the wrong way, which caused his hand to be pulled further into the saws and resulted in additional serious injury. Waiving the question of whether the defendant owed

to the plaintiff a duty to aid him in his unfortunate predicament, it is clear that on attempting to do so he owed the plaintiff the duty of exercising ordinary care, under the circumstances, not to inflict additional injuries on him. 45 C. J. 841 et seq. The fact that the defendant was confronted with the sudden emergency of extricating the hand of the plaintiff from the machine, and that no negligent act of his contributed to the creation of the emergency, can not be held, per se, to relieve him of responsibility. Whether he exercised such care as an ordinarily prudent man would have exercised when confronted by a like emergency, should be left to a jury. See *Atlantic Coast Line R. Co.* v. *Daniels,* 8 *Ga. App.* 775 (70 S. E. 203) ; 45 C. J. 710 et seq. I am of the opinion that there was sufficient evidence for the jury to find that the defendant was negligent in respect to his attempt to free the plaintiff's hand, and that on this theory the verdict is supported by the evidence.