28338. CLANCE *v.* MELTON.

DECIDED MAY 24, 1940.

*Walter DeFore, James C. Estes,* for plaintiff.
*Turpin & Lane,* for defendant.

FELTON, J.  This case is so clearly governed by the principle laid down in *Haynie* v. *Foremost Dairies Inc.,* 54 *Ga. App.* 369 (187 S. E. 907), that it seems idle to elaborate it to any great extent.  The case is the same as if the superintendent, Bostwick, had ordered another fellow servant of the plaintiff to go to the other side of the truck from the plaintiff and push the wheel from under the truck.  In such a case the master would clearly not be liable, because the injury would have been attributable to the negligence

of the fellow servant. The petition does not allege that the alter ego of the defendant gave the order, knowing that the fellow servant would be negligent. If it had so alleged, the case might present a different question. The only liability claimed in this case is the negligence of Bostwick acting in the capacity of a fellow servant, with nothing to connect his negligence as a fellow servant with any negligence of his while acting as master. The order given was not a negligent order, under the allegations of the petition. This is not a case where the master gave the order knowing that it would be accompanied by the negligence of a fellow employee or by himself either as master or fellow employee; and this is not a case involving the employment of an incompetent fellow servant or the retention of such a servant after notice of incompetency. We do not think the presence of the pile of wood is material, because the only thing which would have made the situation dangerous was the possibility of the negligence of one pushing the truck from the other side. The plaintiff was engaged in exactly the same undertaking, and should have been as mindful of his own danger as he was or should have been of the danger to the workman on the other side who might have been injured if he had been guilty of like negligence. So the mere presence of the wood would not render the order dangerous. None of the decisions cited for the plaintiff, to wit, *Moore* v. *Dublin Cotton Mills,* 127 *Ga.* 609 (56 S. E. 839, 10 L. R. A. (N. S.) 772), *McDonald* v. *Eagle & Phenix Manufacturing Co.,* 68 *Ga.* 839, *Buckeye Cotton-Oil Co.* v. *Everett,* 24 *Ga. App.* 738 (102 S. E. 167), *Babcock Lumber Co.* v. *Johnson,* 120 *Ga.* 1030 (48 S. E. 438), *Haynie* v. *Foremost Dairies Inc.,* supra, and *Blackman* v. *Thompson-Houston Electric Co.,* 102 *Ga.* 64 (29 S. E. 120), holds to the contrary of what is herein held. The court did not err in dismissing the action.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*