40530. PALMER v. WEBB.

RUSSELL, Judge. 1. While in a common law action for damages resulting from bodily injury by an employee against his employer it may be alleged and proved that the master, in ordering the servant to perform a certain duty or to perform in a certain manner, was negligent because of failure to provide a sufficient number of laborers to do the job properly, *Grant v. Royster Guano Co.,* 15 Ga. App. 758 (3) (84 SE 161), or negligently gave the order because an object required to be lifted was of excessive weight, *Buckeye Cotton Oil Co. v. Everett,* 24 Ga. App. 738 (2) (102 SE 167), if the apparent weight of the appliance was deceptive and this was the proximate cause of injury, it must be shown either that the danger was not equally apparent to both parties but

rested within the superior knowledge of the master, *Code* § 66-303, *Lawrenceville Oil Mill v. Walton,* 143 Ga. 259 (84 SE 584), or that, if the servant was following a direct order which appeared to be dangerous, but was yet not so obviously dangerous that no reasonably prudent man would undertake to perform it, *Moore v. Dublin Cotton Mills,* 127 Ga. 609 (56 SE 839, 10 LRA (NS) 772), the servant remonstrated and the master, by thereafter assuring him that there was no danger, in effect relieved him from his former assumption of risk and the responsibility for resulting injuries upon himself. *International Cotton Mills v. Webb,* 22 Ga. App. 309 (3) (96 SE 16). Even when the injury results from a direct order to do an act, which may be shown by the servant as a circumstance tending to excuse him from the exercise of the same degree of caution he would otherwise be expected to observe, if the danger is equally obvious to both parties the servant cannot recover unless, as in the *Webb* case, a quasi new agreement has been entered into regarding the performance of the act. *Southern Cotton-Oil Co. v. Gladman,* 1 Ga. App. 259 (58 SE 249).

2. This petition alleges that the plaintiff, an employee of a welding company and acting in the scope of his employment, was injured because an oxygen tank which he was lifting onto a truck slipped from his grasp and injured him due to its excessive weight, and that the defendant was negligent in failing to supply help in lifting the tank, "it being difficult for one person to properly lift, load, and place said oxygen tank upon said truck," and negligent in "permitting" plaintiff to lift the tank without aid, as a result of which the defendant "caused the oxygen tank to fall on petitioner." The pleadings were amended by allegations alleging only constructive knowledge by the employer that the tank was of excessive weight for one person to handle, and that he was acting under orders at the time. The statement that plaintiff did not have equal means of knowing of the weight of the tank with the defendant is a mere conclusion supported by no factual averments, and it is not alleged that the plaintiff was specifically ordered (rather than "permitted") to lift the particular tank, or that he remonstrated and was assured that it was not of excessive weight. Nothing caused the tank to fall except the manner in which the plaintiff handled it. The facts alleged here show no latent danger,

no superior knowledge on the part of the master, and no other unusual circumstances to take it out of the general rule stated in *Code* § 66-303. As in a similar situation in *Hulsey v. Southeastern Greyhound Lines,* 67 Ga. App. 401 (20 SE2d 449): "We think the taking of the risk by the servant in obedience to the resquet or order, if you so desire to call it, merely exposed him to one of the ordinary risks of his employment and that he can not recover."

The trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

DECIDED JANUARY 29, 1964.

*George Mitchell, Dan C. Mitchell,* for plaintiff in error.
*Thomas B. Branch, Nolan B. Harmon,* contra.