## McDANIEL *v.* ACME BREWING COMPANY.

1. " The servant seeking to recover for an injury takes the burden upon himself of establishing negligence on the part of the master, and due care on his own part."

2. In the present case there was no direct evidence that the plaintiff's husband, who was a servant of the defendant, was in the exercise of due care at the time of his death ; nor were there any circumstances in proof from which the jury could legitimately have drawn an inference to this effect. A nonsuit was, therefore, properly granted.

3. The granting of a nonsuit was proper, notwithstanding the fact that the jury had been allowed to inspect the premises where the homicide occurred, and the machinery which caused the death of the plaintiff's husband was operated in their presence, as it clearly appears from the evidence that there was nothing in the way in which the machinery was thus operated that would throw any light upon the question as to whether the deceased was in the exercise of due care.

Argued February 8. — Decided March 26, 1901.

Action for damages. Before Judge Nottingham. City court of Macon. July 3, 1900.

The plaintiff alleged that her husband was killed while in the discharge of his duty as an employee of the defendant, by reason of its negligence and without fault on his part; and that he came to his death on account of the improper and unsafe manner in which certain machinery, belts, and shaftings were placed and operated; that they were in a defective condition, and that he had no knowledge of the defects. From the evidence it appears that he was directed by a coemployee, to whose orders he was subject, to go into a room and put a belt on a revolving pulley standing about five feet

from the floor.　　On entering this room it was necessary, in order to reach the pulley, to step over certain shafting, on which was a sprocket wheel, and the belt ran along the side of this wheel.　The deceased entered the room, stepped over the shafting and down alongside of the belt until he came to the pulley, when he put the belt on the pulley and started the machinery.　There was no one in the room when he was injured, and no witness to the casualty.　He was heard to cry out, and when discovered his body was caught on a pulley twelve or thirteen feet from the wheel over which he placed the belt.　In going out of the room it was not necessary for him to pass by this pulley, as it was located across the floor in the opposite direction from the door.　The brewery was equipped with proper machinery, all in good working order.　There was evidence that it was dangerous to step over shafting while it was in motion, but the danger was apparent to a man of ordinary intelligence, and the deceased was such a man.　It is impossible to tell from the evidence the exact manner in which and the place at which the deceased was caught on the belt.　One witness testified that, judging from the location of the machinery, the position of the body, and certain marks on the floor caused by striking of the deceased's head, he thought the deceased tripped and fell on the belt and was thrown around.　It seems to have been the theory of other witnesses that the deceased was thrown by the sprocket wheel.　This wheel was in plain view and could have been seen by any one passing along.

During the progress of the trial the court, by consent of counsel for both parties, allowed the jury to visit the scene of the homicide and inspect the machinery, which was for this purpose put in motion. After returning to the court-room one of the jurors was called as a witness, and described the location of the machinery.　The court granted a nonsuit, and the plaintiff excepted.　By a further assignment of error she contended that, after the jury had visited the scene of the homicide and made a personal examination of the machinery and surroundings, the court had no power to grant a nonsuit.

*Guerry & Hall*, for plaintiff.

*Dessau, Harris & Harris*, for defendant.

COBB, J.　"The servant seeking to recover for an injury takes the burden upon himself of establishing negligence on the part of the master, and due care on his own part."　*Georgia Railroad Co.*

v. *Nelms*, 83 *Ga.* 75; *Brush Electric Co.* v. *Wells*, 103 *Ga.* 515. Applying this principle to the facts of the present case, the court properly awarded a nonsuit, for the reason that there was no direct evidence from which the jury could find that the plaintiff's husband, who was a servant of the defendant, was in the exercise of due care at the time of his death; nor was there any proof of circumstances from which an inference to this effect could be legitimately drawn. The deceased was killed, in a room where he was alone, by the working of machinery; and there was, according to the evidence, nothing in the manner in which the machinery was, or could have been, operated which would throw any light upon the question as to whether he was in the exercise of due care. This being true, a nonsuit was properly awarded, notwithstanding the fact that during the progress of the trial the jury had been allowed, in the company of the judge and counsel in the case, to go to the scene of the homicide, and the judge had directed that the machinery should be put in operation in the presence of the jury.

*Judgment affirmed. All the Justices concurring.*