### BAXLEY *v.* SATILLA MANUFACTURING COMPANY.

When all of the facts proved in the present case are admitted and all reasonable deductions therefrom are considered in favor of the plaintiff, the evidence does not authorize a recovery by him, and the court therefore did not err in granting a nonsuit.

Submitted January 11, — Decided February 6, 1902.

Action for damages.    Before Judge Bennet.    Ware superior court.    April 16, 1901.

*Toomer & Reynolds* and *J. L. Crawley,* for plaintiff.
*J. L. Sweat,* for defendant.

COBB, J.    Baxley sued the Satilla Manufacturing Company for damages.    At the trial the judge granted a nonsuit, and this ruling is assigned as error.    It appears from the evidence that the plaintiff was employed by the defendant at a sawmill, and that it was his duty to set and adjust the guide of the saw, which guide was held in position by a bolt which passed through it and was fastened by an iron nut screwed thereon; that it was necessary that the guide should be adjusted while the saw was in motion, and that in adjusting the guide on the occasion upon which the plaintiff was injured the pressure upon the nut caused the bolt to break and he was thrown against the saw and received injuries which were painful and permanent; that the pressure upon the bolt at this time was not exceeding five pounds, and if the bolt had been of the proper kind it should have resisted a pressure of sixty pounds or more.    The plaintiff claimed to have established by his evidence that the defendant was negligent in two particulars: first, in employing an incompetent machinist, or, if the incompetency was not known at the time of his employment, in retaining in its employment an incompetent machinist after knowledge of his incompetency, one of the duties of this machinist being to put

in a proper bolt at the place where the bolt which caused the plaintiff's injuries was located, to test the bolt when it was put in, and to inspect it from time to time after it had been put in position; and, second, in furnishing for the purpose of being placed in position by the machinist a defective iron bolt, when ordinary care would have required that a sound steel bolt should be used. In reference to the alleged negligence of the defendant in employing an incompetent machinist as a fellow-servant of the plaintiff, there is no evidence whatever which would authorize a jury to find that the machinist on duty at the time the plaintiff was injured was either incompetent, or that, if incompetent, the incompetency was then known to the defendant. It appears that "some time before the plaintiff was hurt" the manager of the defendant had said that the machinist employed at the time the plaintiff was hurt was not considered competent by him. This remark was made in reply to a question as to why he did not make that person the machinist at the mill. The machinist may not have been competent at the time this remark was made, and, for the purposes of this case, this must be considered as true; but there was no evidence which would authorize a finding that he had not rendered himself competent by the time he was employed. There is a presumption that the master has discharged his duty to the servant, and that he was not at fault in reference to the employment of fellow servants, as well as in other particulars. See *Georgia Railroad Co.* v. *Nelms,* 83 *Ga.* 75. The presumption in favor of the master, that he had employed a competent fellow servant, would not be overcome by proof merely showing that at some time before the time of employment the person employed was not competent for the service; for if such were the law, a master would never be safe in employing any servant, no matter how competent he might be at the time of the employment, if it were known to him, no matter how long before the employment, that the servant was not then fitted for the service. There is nothing in the evidence to show what was the length of time between the remark made by the manager of the defendant and the time of the employment of the machinist, and nothing to indicate that the time was so short that the person employed as machinist could not have fitted himself for the discharge of the duties of that position between the two dates. So, we are of opinion that the plaintiff has failed to establish that the master was

negligent in the matter of the employment of the machinist who was the plaintiff's fellow servant.   As there was no evidence that the master knew of the incompetency of the machinist, if such existed, after the employment, and retained him in its employment after such knowledge, the plaintiff has also failed to establish this allegation of negligence.

In reference to the character of the bolt used, the evidence, taken as a whole, required a finding that while a steel bolt would have been the best appliance to use, a sound iron bolt was not an improper appliance at such place in the sawmill, and that therefore the master was not negligent in furnishing an iron bolt to be thus used.   In addition to this, it appears from the plaintiff's own testimony that his injury resulted, not from the character of the metal that the bolt was made of, but from the fact that there was a defect in the bolt itself, and if a steel bolt had been used which had a similar defect, the result would in all probability have been the same.   It appears from the evidence that the defect was a latent one, and such being the case, the mere fact that the bolt broke is not sufficient to remove the presumption that the master had furnished a proper appliance to be used, the defect being of such a character that the master would not know of it and could not by the exercise of ordinary care have discovered it.   If the master furnished to the machinist a bolt of proper character, or if it furnished one which was defective but the defect could not have been discovered by the exercise of ordinary care, then the master would not be liable in the event it afterwards developed that the bolt was defective and injury resulted therefrom to the servant.   If the machinist whose duty it was to place the bolt in position was a competent fellow servant, as we think the evidence would have required a jury to find, and the bolt furnished was apparently sound but had a latent defect which could have been discovered by testing the bolt, and ordinary care required this to be done, and the machinist placed the bolt in a position without making this test, then the master would not be liable to the plaintiff; for his injuries would be traceable directly to the negligence of a fellow servant. It does not distinctly appear whose duty it was to inspect the mill from time to time.   It might be inferred that it was the duty of the machinist; but as the machinist was a competent servant, the defendant would not be liable to the plaintiff for an injury which

resulted from the negligence of the machinist in failing to properly inspect the machinery to see if the same was in good order. The master may be bound to furnish some one to inspect the machinery from time to time, but if he furnishes a competent person to do this, the negligence of this person in failing to inspect the machinery will not render the master liable in damages to another servant injured as a result of such negligence; provided, of course, the master has not been negligent in furnishing an improper appliance in the first instance. There being no evidence authorizing a finding that the master was negligent either in the employment of the servant who was claimed to have been negligent, or in furnishing a defective bolt to be used by such servant, the plaintiff has failed to make out his case and was not entitled to recover, notwithstanding the evidence authorized a finding that the plaintiff was himself without fault. This result is reached in the present case by simply applying to the facts of the case the rules laid down in the code which prescribe the relative duties of the master and servant to each other in such matters. These rules are found in sections 2611 and 2612 of the Civil Code, which are as follows: "The master is bound to exercise ordinary care in the selection of servants, and not to retain them after knowledge of incompetency; he must use like care in furnishing machinery equal in kind to that in general use, and reasonably safe for all persons who operate it with ordinary care and diligence. If there are latent defects in machinery, or dangers incident to an employment unknown to the servant, of which the master knows, or ought to know, he must give the servant warning in respect thereto." "A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself. In suits for injuries arising from the negligence of the master in failing to comply with the duties imposed by the preceding section, it must appear that the master knew or ought to have known of the incompetency of the other servant, or of the defects or danger in the machinery supplied; and it must also appear that the servant injured did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof." These provisions are merely a codification of rulings of this court made prior to the adoption of the present code.

*Judgment affirmed. All the Justices concurring.*