4152, 4153.　WALTON *v.* GEORGIA, FLORIDA & ALABAMA RAILWAY CO., and *vice versa*.

1. Under the law of this State, while contributory negligence on the part of an employee of a railroad company may diminish the amount of the recovery in a suit against the company to recover damages for his death, it does not entirely defeat the right of recovery, and the plaintiff makes out a prima facie case of negligence against the defendant by proving

that the death occurred through the running or operation of a loco-
motive or cars of the defendant.
2. The allegations of the petition set forth a cause of action.

DECIDED JANUARY 22, 1913.

Action for damages; from city court of Bainbridge—Judge Har-
rell. April 1, 1912.

Judge Pottle being disqualified, Judge Bell, of the Atlanta cir-
cuit, was designated to preside.

R. G. Hartsfield, Erle M. Donalson, for plaintiff.

T. S. Hawes, for defendant.

BELL, J. Savannah Walton brought suit against the Georgia,
Florida & Alabama Railway Company, to recover damages for the
homicide of her husband. The jury returned a verdict in favor of
the defendant. The plaintiff's motion for a new trial was overruled,
and she brings error. The defendant filed a demurrer to the peti-
tion, which was overruled by the court, and exceptions to this ruling
were preserved, and error is assigned thereon in the cross-bill of
exceptions.

Briefly stated, the facts are as follows: The deceased husband
of the plaintiff was an employee of the railway company, working
as a brakeman. While in discharge of his duties he was killed by
being struck by an overhead bridge, which the evidence showed was
too low to allow a man standing upon the top of a train to pass
under it in safety. The evidence was in conflict on the question
of negligence, and this court would not disturb the verdict, except
for the prejudicial and material error of law committed in present-
ing the case to the jury. The learned trial judge, we think, sub-
stantially stated to the jury the law applicable to the issue raised
by the pleadings and the evidence, including the rule as laid down
by this court in the case of King v. Seaboard Air-Line Railway,
1 Ga. App. 88 (58 S. E. 252), but, in presenting the question of
contributory negligence, the court instructed the jury to the effect
that the burden was upon the plaintiff to show that at the time of
the homicide the deceased employee, her husband, was entirely free
from fault,—that no negligence on his part contributed to his
death; and instructed them, in this connection, that if his negli-
gence contributed in any appreciable degree to his death, the plain-
tiff would not be entitled to recover at all. The judge seems to
have ignored, in his instructions, the very radical change in the
law relating to the rights of employees, made in this State by the

act of 1909 (which is codified in the Civil Code of 1910, §§ 2782, 2783), as well as by the act of Congress on the same subject. This being a case where the employee was killed, this instruction of the court placed upon the plaintiff too great a burden; because, when she showed that her husband was killed by the running of the defendant's locomotive and cars, she made out a prima facie case of her right to recover, and then the burden was cast upon the railway company to show that it and its agents and employees had exercised all reasonable care and diligence. Besides, under the act of 1909, supra, as well as under the Federal statute, it is not now the law in this State that an employee has to be faultless before he or his representative will have a right to recover for his injury or his death. There may be a recovery now even though there may have been some contributory negligence on the part of the employee injured or killed, the damages to be diminished by the jury according to the amount of contributory negligence which they find to have existed on his part. Contributory negligence may diminish, but can never altogether defeat a recovery. On account of the erroneous instruction discussed above, which is excepted to, we are constrained to reverse the judgment refusing another trial.

As to the cross-bill of exceptions: We think the allegations of the petition set forth a cause of action, and, therefore, that no error was committed in overruling the demurrer thereto.

*Judgment, on the main bill of exceptions, reversed; on the cross-bill, affirmed.*