5116. WALTON, adm'x, *v.* GEORGIA, FLORIDA & ALABAMA RAIL-WAY CO.

RUSSELL, C. J. 1. The testimony failing to disclose the existence of any emergency which would have required the engrossing attention of the decedent, whose homicide was the basis of the suit, and having failed to show any reason why he could not have avoided the danger due to the overhead bridge, with the existence and character of which he was thoroughly familiar, the plaintiff failed to prove her case as laid, and the court did not err in awarding a nonsuit.

2. A servant who, at the time of his injury, is so absorbed in the performance of a necessary duty in the service of his master as to be rendered oblivious to his surroundings, or who has thereby been rendered incapable of exercising his previous knowledge as to the existence or proximity of a dangerous thing, may recover from the master for an injury caused by a dangerous instrumentality maintained by the master, of which the servant has knowledge (*King* v. *Seaboard Air-Line Railway*, 1 *Ga. App.* 88, 58 S. E. 252); but, to entitle the servant to recover, it must appear that the injury was not caused by his own carelessness, and was not the result of a risk of danger assumed by him in the absence of any emergency which would authorize the inference of self-forgetfulness.

3. Though the doctrine of the assumption of risk is entirely distinct and apart from contributory negligence, the demand for extraordinary diligence on the part of the servant in the presence of a pressing emergency qualifies and minimizes the assumption of risk, and wholly excuses con-

tributory negligence on his part if the emergency is such as to obscure entirely that due care which ordinarily would impel the exercise of the instinct of self-preservation.

4. When this case was here before, the judgment of the lower court was reversed on account of an error in the court's instructions to the jury, complained of in the main bill of exceptions.; and the court's refusal to sustain the demurrer was affirmed upon the cross-bill of exceptions. The sufficiency of the evidence was not in question at the time. 12 *Ga. App.* 106 (76 S. E. 1060). On this hearing the writ of error challenges the correctness of the nonsuit; and this, of course, involves only the sufficiency of the evidence.          *Judgment affirmed.*

DECIDED SEPTEMBER 19, 1914. JUDGE HILL, OF THE ATLANTA CIRCUIT, WAS DESIGNATED TO SIT IN THIS CASE INSTEAD OF JUDGE ROAN, WHO WAS ABSENT ON ACCOUNT OF ILLNESS.

Action for damages; from city court of Bainbridge—Judge Spooner. June 25, 1913.

*R. G. Hartsfield, Erle M. Donalson,* for plaintiff.

*T. S. Hawes, W. H. Krause,* for defendant.