5916, 5934.   KILGO v. ROME SOIL PIPE MANUFACTURING CO.;
and *vice versa.*

WADE, J.   1. If the injury to the plaintiff resulted from negligence at all,
it resulted from the negligence of a fellow servant, with whom and by
whose side he had worked almost continuously for more than two years
prior to the injury; and for an injury arising alone from the negligence
of a fellow servant there can be no recovery, except in the case of a
railroad company.   Civil Code, §§ 3129, 3602; *Cedartown Cotton Co.* v.
*Hanson,* 118 *Ga.* 176 (44 S. E. 992); *Shepherd* v. *Southern Pine Co.,*
118 *Ga.* 292 (45 S. E. 220); *Ellington* v. *Beaver Dam Lumber Co.,* 93 *Ga.*
53 (19 S. E. 21); *Winn* v. *Fulton Bag & Cotton Mills,* 15 *Ga. App.* 33
(82 S. E. 586); *Dwan* v. *Great Eastern Lumber Co.,* 15 *Ga. App.* 108
(82 S. E. 666).

2. A servant can not recover for injuries resulting from a fellow servant's
incompetency, if he had equal opportunity with the master of discover-
ing it, or in the exercise of ordinary care should have known of it.
Civil Code, § 3131; *R. & D. Railroad Co.* v. *Worley,* 92 *Ga.* 84 (18 S. E.
361); *Crown Cotton Mills* v. *McNally,* 123 *Ga.* 35-38 (51 S. E. 13).

3. The presumption exists that the master exercised ordinary care in the
selection of his servants; and one who complains of injuries which he
alleges resulted from the incompetency of a fellow servant must over-
come this presumption by direct proof, and can not successfully rebut
the presumption by inference drawn from facts which fail to disclose
that the master knew, or ought to have known, of the incompetency of
the fellow servant.   *Georgia Railroad Co.* v. *Nelms,* 83 *Ga.* 70-74 (9 S. E.
1049); *Baxley* v. *Satilla Mfg. Co.,* 114 *Ga.* 720 (40 S. E. 730); *Gunn* v.
*Willingham,* 111 *Ga.* 427-434 (36 S. E. 804).

4. No recovery can be had upon mere proof of negligence on the part of
the master; but the plaintiff must show, in addition to the exercise of
due care on his own part, that he was not aware of the danger, that his
opportunities for knowing the existence of the danger were not equal to
those of the master, and that in the exercise of ordinary care he could
not himself have known of the danger.   Civil Code, § 3131; *W. & A. R.
Co.* v. *Bishop,* 50 *Ga.* 465; *Brush Electric Light & Power Co.* v. *Wells,*
103 *Ga.* 512-515 (30 S. E. 533); *McDaniel* v. *Acme Brewing Co.,* 113
*Ga.* 80 (38 S. E. 404); *McDonnell* v. *Central Railway Co.,* 118 *Ga.* 86-
89 (44 S. E. 840).

5. An adult servant will be presumed to have knowledge of existing defects
or dangers in machinery, in connection with which his duties require
him to work, and of the competency or incompetency of his fellow serv-
ants working with him about such machinery, after he has worked with
such machinery and with such fellow servants for a reasonable time.
*Hendrix* v. *Vale Royal Mfg. Co.,* 134 *Ga.* 712 (68 S. E. 483); *Rowland*
v. *Tift,* 131 *Ga.* 683 (63 S. E. 133, 20 L. R. A. (N. S.) 354); *Crown
Cotton Mills* v. *McNally,* supra; *Vinson* v. *Willingham Cotton Mills,* 2
*Ga. App.* 53 (58 S. E. 413); *Beck* v. *Tumlin Co.,* 13 *Ga. App.* 618 (79
S. E. 587).

6. The court did not err in awarding a nonsuit.

47

*Judgment affirmed on the main bill of exceptions.   Cross-bill dismissed. Russell, C. J., dissents.*

DECIDED SEPTEMBER 3, 1915.

Action for damages; from city court of Floyd county—Judge Reece.  June 5, 1914.

*Eubanks & Mebane, John W. Bale,* for plaintiff.

*Lipscomb & Willingham, Nathan Harris,* for defendant.