*P. L. Smith,* for plaintiff. *Levi O'Steen,* for defendant.

---

## 7053. NIBLETT *v.* LAGRANGE MILLS.

BROYLES, J. 1. A servant is not obligated to obey his master's command to do work in a dangerous manner or with defective machinery or appliances, if the danger or the defect is known to the servant, or is so patent and obvious that by the exercise of ordinary care he ought to know of it. In such a case, where the servant obeys the master's command and is injured, the former assumes the risk and can not hold the master liable. Civil Code, §§ 2611, 2612, 3131; *Brush Electric Light & Power Co.* v. *Wells*, 103 *Ga.* 512, 515 (30 S. E. 533); *Western & At-*

*lantic Railroad Co.* v. *Bishop,* 50 *Ga.* 465; *McDaniel* v. *Acme Brewing Co.,* 113 *Ga.* 80 (38 S. E. 404); *Cherokee Brick Co.* v. *Hampton,* 16 *Ga. App.* 53, 54 (84 S. E. 328); *Studevant* v. *Blue Springs Lumber Co.,* 16 *Ga. App.* 668 (85 S. E. 977); *Kilgo* v. *Rome Soil Pipe Mfg. Co.,* 16 *Ga. App.* 737 (86 S. E. 82); *Williams* v. *Atlantic Coast Line R. Co.,* ante, 117.

2. From the allegations of the petition as amended, construed most strongly against the pleader, it appears that the plaintiff had been for "about thirty years," employed by the defendant in the same work in which he was engaged when injured, and that he knew of the defective appliances furnished him by the defendant, and of their insufficiency to do the work in which he was engaged, and of the danger in attempting to work with them. The petition did not allege any promise from the defendant to the plaintiff to furnish him other and safer appliances, but did aver that, in answer to the plaintiff's complaint that he did not have proper tools for his work, another servant of the defendant, who was in authority over the plaintiff, said to him: "Escott [another servant of the defendant, who was boss of the room in which the plaintiff was working and who was in authority over him] said for us to do it." This indirect command of the master to the servant to do the work did not relieve the servant from the exercise of ordinary care to protect himself. No cause of action against the master was shown, and the petition was properly dismissed on demurrer.

*Judgment affirmed.*

DECIDED MAY 26, 1916.

Action for damages; from city court of LaGrange—Judge Harwell. October 19, 1915.

*Longley & Longley, M. U. Mooty, A. J. Andrews,* for plaintiff. *A. H. Davis, C. B. Atkins,* for defendant.