*W. B. Stubbs, G. N. Alford,* contra.

---

### 8894.   CITY OF ATLANTA *v.* HAGAN.

GEORGE, J.   The petition set forth a cause of action, and the demurrer was properly overruled.

*Judgment affirmed.   Wade, C. J., and Luke, J., concur.*
DECIDED SEPTEMBER 13, 1917.

Action for damages; from city court of Atlanta—Judge Reid. May 5, 1917.

Hagan, by his next friend, sued the City of Atlanta for damages. The petition alleges, that on February 23, 1915, at which time he was an inexperienced common laborer, eighteen years of age, and was employed by the defendant as a common laborer, he was injured without fault on his own part, and through the negligence of the defendant, its servants and employees, as herein set forth: (13) On that date plaintiff was put to work by the defendant, racking lumber for storage upon a certain scaffold built for that purpose by the defendant under the direction and supervision of its foreman of carpenters, W. H. Winn. (14) The specific work plaintiff was doing on that date was receiving the lumber passed up to him by other common laborers who were at work with him, plaintiff being at that time upon the scaffolding, piling said lumber upon it as directed by said foreman. (15) The said scaffolding was defective, unsound, and dangerous. (16) The defective, unsound, and dangerous character and condition of the scaffolding were not known to plaintiff, and he did not have equal means with the master of knowing such fact, and by the exercise of ordinary care could not have known of it. (17) Plaintiff relied, as he had a right to rely, upon the performance by his master, the defendant, of its duty to furnish him with a sound and safe place to labor. (18) The defendant, through its said foreman of carpenters, informed plaintiff that said scaffolding was not dangerous, but was reasonably suited for the use intended. (19) Plaintiff relied upon this assurance, as he had a right to rely thereon, and at said time and place he was engaged as aforesaid in the performance of his labor, racking lumber upon said scaffolding. (20) The said scaffolding had been constructed under the personal supervision of the said foreman of carpenters, at the north end and under the Washington-street viaduct, and was about seven or eight feet in height and constructed of lumber measuring 2x10. The said structure consisted of an upright piece standing upon the ground, and at the top end of said piece of lumber a cross-piece was extended from said upright piece of lumber to and resting upon a wall on the east side under said viaduct. The end of said lumber extending from the upright piece to said wall was held by two nails to said upright piece and was resting upon said wall,

but not fastened by anything. The said piece of lumber extending from said upright piece to the wall was made of 2x10 material and rested on its edge. (21) At the said time and place the said scaffolding proved defective, unsound, and dangerous. (22) The said defective, unsound, and dangerous condition of the scaffolding was due to the fact that it was not securely nailed with a sufficient number of nails at one end, and was not nailed at all at the end resting upon the wall, "and by said cross-piece of timber being allowed to stand on edge, thereby offering no resistance to the heavy weight of the lumber which was being piled upon it." (23) Plaintiff was not a carpenter, had no knowledge of carpentry work, and the said defective, unsound, and dangerous condition and character of scaffolding were not known to him, his want of knowledge arising from ignorance and inexperience of construction work of this kind. (24) The defendant knew, or ought to have known, of the defective, unsound, and dangerous condition of said scaffold-ing. (25) On February 23, 1915, while plaintiff was engaged in racking lumber upon the scaffolding as aforesaid, the said scaffold-ing, because of its defective, unsound, and dangerous condition, collapsed without any warning to plaintiff, and he, along with the lumber upon said scaffolding, was precipitated to the ground below, a distance of seven or eight feet, landing upon his back, across the edge of a piece of square-edged timber, and he was then and there seriously, dangerously, and permanently injured as herein-after more fully set forth. (26) By reason of the said scaffold-ing collapsing and precipitating plaintiff to the ground as aforesaid, he was seriously and permanently injured. Allegations were made as to the nature and extent of the injuries, and as to presentation of the plaintiff's claim against the city.

The defendant demurred to the petition generally, and demurred specially to the numbered paragraphs set out above, and contended that no cause of action was set out; that the allegations were too vague and indefinite; that it appeared that the alleged defective condition was visible, and the plaintiff's means of knowing of it were equal to those of the master; that the defendant was not liable on account of the statement of the foreman; that his statement amounted to nothing more than the statement of any other employee, and that it could not justify the plaintiff in doing what was obviously unsafe.

*J. L. Mayson, S. D. Hewlett,* for plaintiff in error, cited: Civil

Code (1910), § 3131; *Monroe* v. *Dublin Cotton Mills,* 127 *Ga.* 623, 624; *Riverside Mills* v. *Jones,* 121 *Ga.* 36; Kimmer *v.* Weber, 121 N. Y. 417, and cases there cited; 26 Cyc. 1115, 1116, note; Birmingham Furnace &c. Co. *v.* Gross, 97 Ala. 220; Reynolds *v.* Barnard, 168 Mass. 226; Haughey *v.* Thatcher, 89 N. Y. App. Div. 375; Phœnix Bridge Co. *v.* Castleberry, 131 Fed. 175; *Riverside Mills* v. *Brooks,* 6 *Ga. App.* 67; *Daniel* v. *Forsyth,* 106 *Ga.* 568; *White* v. *Kennon,* 83 *Ga.* 343; *Ludd* v. *Wilkins,* 118 *Ga.* 525; *Bolden* v. *Central Ry. Co.,* 130 *Ga.* 456; *Quinn* v. *Allen,* 1 *Ga. App.* 807; *Jellico* v. *White,* 11 *Ga. App.* 836; *Mills* v. *Bartow Lumber Co.,* 9 *Ga. App.* 171; *Short* v. *Cherokee Mfg. Co.,* 3 *Ga. App.* 377; *Banks* v. *Scofield's Sons Co.,* 126 *Ga.* 670; *Crown Cotton Mills* v. *McNally,* 123 *Ga.* 35 (3); *Dozier* v. *Atlanta,* 118 *Ga.* 354. As to foreman's statement: *Williams* v. *Atlantic Coast Line R. Co.,* 18 *Ga. App.* 117; *Niblett* v. *LaGrange Mills,* 18 *Ga. App.* 173; *Brush Electric-Light & Power Co.* v. *Wells,* 103 *Ga.* 512, 515; *W. & A. R. Co.* v. *Bishop,* 50 *Ga.* 465; *McDaniel* v. *Acme Brewing Co.,* 113 *Ga.* 80; *Cherokee Brick Co.* v. *Hampton,* 16 *Ga. App.* 53, 54; *Kilgo* v. *Rome Soil Pipe Co.,* 16 *Ga. App.* 737.

*Coburn & Hohenstein, Atkinson & Born,* contra, cited: *Ocean Steamship Co.* v. *Matthews,* 86 *Ga.* 418, 423; *East Tenn. &c. Ry. Co.* v. *Smith,* 90 *Ga.* 558; *Cochrell* v. *Langley Mfg. Co.,* 5 *Ga. App.* 317; *Hubbard* v. *Macon Ry. & Light Co.,* 5 *Ga. App.* 223; *Southern Cotton Oil Co.* v. *Dukes,* 121 *Ga.* 787; *Southern States Cement Co.* v. *Helms,* 2 *Ga. App.* 308; *Southern Ry. Co.* v. *Diseker,* 13 *Ga. App.* 799.