8719. CAMILLA COTTON OIL & FERTILIZER CO. *v.* WALKER.

LUKE, J. 1. Where, in an action for a personal injury, one of the elements of damages alleged was decrease of the plaintiff's earning capacity, and he testified that for three years preceding the injury he had satisfactorily served the defendant as machinist, it was not error to allow him to testify further "as to what the usual and customary wages of an expert machinist in this community at that kind of business are."

2. A master owes to each servant the duty to exercise ordinary care in the selection of other servants engaged in the same enterprise, and not to retain them after knowledge of their incompetency. Civil Code (1910), § 3130.

3. In a proper case a servant may recover of the master for an injury occasioned by the act of a fellow servant. It is incumbent upon the injured servant, however, except where the employer is a railroad company, to show the following facts: first, that the fellow servant was incompetent; second, that the injury complained of resulted directly or proximately from such incompetency; third, either (*a*) that the master knew of such incompetency, or (*b*) that by the exercise of ordinary care he could have known of it; fourth, that the injured servant did not know of such incompetency; fifth, that by the exercise of ordinary care he (the injured servant) could not have known of it; and, sixth, that he did not have equal means with the master for acquiring knowledge of such fact. Civil Code (1910), §§ 3129, 3130, 3131.

4. In such a case there is but one degree of care prescribed by law, namely, "ordinary care;" and that degree of care is prescribed alike for the master and for the servant. If the master has exercised such care, and has neither employed nor retained the alleged incompetent servant with knowledge of such incompetency, he is not liable. On the other hand, if the injured servant knew of such incompetency, or by the exercise of ordinary care could have known of it, or had equal means with the master for knowing it, but nevertheless continued in the master's employ and sustained an injury as alleged, he can not recover, even though it appear that the master knew or ought to have known of the fellow servant's incompetency. Civil Code (1910), § 3131.

5. Although the admissions of an agent, made outside the scope of his employment and while not engaged in the business of his principal, are not admissible in evidence against the principal as proof of the facts thus admitted, yet if there is any other evidence before the jury sufficient to authorize a finding that the facts thus indicated actually existed, the admissions may be proved for the purpose of showing knowledge of such facts on the part of the agent. Rosentiel *v.* Pittsburg Ry. Co., 230 Pa. 273 (79 Atl. 556, 33 L. R. A. (N. S.) 751 and notes).

6. Where the issue is whether the master knowingly employed or retained an incompetent servant, it is not error to allow a witness to testify as to admissions of such incompetency made by the master's alter ego prior to the occasion in controversy.

7. Specific complaints by the master, or the master's alter ego, to the

servant whose incompetency is the alleged cause of the injury in controversy, or by other persons to the master concerning that servant, may be proved upon the issue as to whether or not the servant was in fact incompetent as alleged by the plaintiff, and especially to show the master's knowledge of his incompetency.

8. Where the issue is whether the master knowingly employed or retained an incompetent servant, it is not error to allow the plaintiff to prove that the servant had long borne in the community of the master's place of business a general reputation for incompetency in the particular line of work in which he was employed by the master on the occasion in controversy. But the master and the injured servant are equally chargeable with knowledge that is general; and the burden of proof being upon the plaintiff to show that he was without knowledge, as well as that the defendant did have knowledge, of the incompetency of the fellow servant, such evidence would seem to militate more strongly against the plaintiff than the defendant. In a case of this character, the defendant will not, therefore, be heard to complain of the admission of such evidence.

9. The court erred in instructing the jury as follows: "If the servant was incompetent and the master knew it, or could by the exercise of ordinary care have discovered it, the master would be liable for any injury to a servant caused *by his negligence*, provided the injured servant did not know of his incompetency or had not equal means with the master of knowing such facts, or could not by the exercise of ordinary care have discovered it, and provided further the injured servant would be otherwise entitled to recover under the law." In such a case, the master's liability is limited to such negligence as flows directly from the incompetency of the negligent servant, and to such injuries as flow directly or proximately from such incompetency. He is not liable for the general negligence of the fellow servant, even though the fellow servant be incompetent in the particulars alleged. *Ingram* v. *Hilton & Dodge Lumber Co.,* 108 *Ga.* 194, 197 (33 S. E. 961).

10. Since the other matters on which error is assigned may not recur upon another trial of this case, no decision is made thereon.

<em>Judgment reversed. Wade, C. J., and Jenkins, J., concur.</em>

DECIDED JANUARY 22, 1918.

Action for damages; from Mitchell superior court—Judge Cox. December 29, 1916.

*Miller & Jones, Pope & Bennet,* for plaintiff in error.

*Peacock & Gardner, Pottle & Hofmayer,* contra.