28463. STRICKLAND *v.* FOUGHNER *et al.*

DECIDED DECEMBER 3, 1940.

*Nolie B. Wyse, Gilbert E. Johnson, I. C. Farthing,* for plaintiff. *Glass, Debele & Raskin,* for defendants.

STEPHENS, P. J. L. W. Strickland Jr. brought suit to recover damages on account of injuries sustained by him as the result of alleged joint and concurrent negligence of J. W. Foughner, a plumbing contractor, and T. J. Foughner, an employee of such contractor. The petition alleged that the plaintiff had been employed as a plumber's helper or apprentice plumber by J. W. Foughner for around seven months before October 26, 1938, when he was injured as hereinafter alleged; that on such date the plaintiff was directed by J. W. Foughner to accompany T. J. Foughner

to certain premises in the City of Savannah, and there assist T. J. Foughner in cleaning out a "stopped up" drain-pipe; that J. W. Foughner "then, in effect and fact, said that the said T. J. Foughner was a skilled, experienced, and careful plumber;" that the plaintiff was merely to accompany T. J. Foughner and carry out his directions; that there was at that time and now is a valid ordinance of the City of Savannah which requires that all persons engaged in such work as T. J. Foughner was directed by J. W. Foughner to do shall be plumbers who have served their full time as plumbers' helpers, and who shall have passed an examination required and conducted by the city, "thereby making it impossible for unskilled, inexperienced, incompetent, and careless persons to carry on such work;" that the pipe which was "stopped up" led from a sink situated on the second floor of the premises, came through the first and second floors of the building, and emptied into a drain pipe at the rear of the premises; that a drain plug was made in the drain pipe just after the pipe came through the ceiling of the second floor; that the person who occupied the premises, in trying to unstop the clogged up pipe, had placed a great deal of potash or lye in the sink and drain, and such potash or lye was in the drain and known to be there by the plaintiff and by both the defendants at the time they began the work of unstopping such pipe; that the plaintiff and T. J. Foughner, after trying to unstop the sink at the sink itself on the second floor, came into the premises below, and T. J. Foughner then directed the plaintiff to use a large wrench on the drain plug in order to loosen it so it could be removed; that the plaintiff did this, and being immediately below and under the drain plug, he began to get down from the ladder on which he was standing; that he looked around and up, and to his "surprise and horror" he then found that T. J. Foughner, who was on another ladder and near the drain plug, had proceeded to unscrew the plug before the plaintiff could move, and was then in the "act of turning said drain plug out and permitting all of the strong potash or lye water . . in the drain and sink . . to fall upon the petitioner and into his face and eyes;" that the plaintiff, "instantly cognizant of the awful effect then and there, jumped from the ladder upon which he was standing and upon the floor below," and that as the result of so jumping the plaintiff was injured and damaged by breaking his arm.

The plaintiff alleged that his injuries were caused by the following joint and concurring acts of negligence of the defendants: (a) J. W. Foughner violated his duty to the plaintiff in hiring T. J. Foughner as a fellow servant when he then knew that T. J. Foughner was not skillful, careful, or competent, "nor had he passed the proper legal examination required by the City of Savannah in order to carry out work of a plumber as he was at the time and place" when the plaintiff was injured. (b) J. W. Foughner negligently failed to issue rules for the regulation of his employees. (c) J. W. Foughner was negligent in not providing a safe place to work. (d) J. W. Foughner was negligent in retaining T. J. Foughner "as a plumber who was competent and who had been examined and had otherwise complied with the law of the City .of Savannah." (e) Because of the negligence of T. J. Foughner "in not using reasonable care and circumspection in the manner and at the time herein set out."

The defendants demurred generally to the petition. The judge sustained the general demurrer and dismissed the action, and the plaintiff excepted.

■ Negligence of a fellow servant in the performance of his duties is one of the ordinary risks of employment assumed by other servants of the common master. *Shields* v. *Yonge,* 15 *Ga.* 349 (60 Am. D. 698). Therefore, "Except in case of railroad companies, the master shall not be liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business." Code, § 66-304. The common-law rule is that a master who has exercised the requisite degree of care in performing the personal duties owed by him to his employees is not answerable to one of them for an injury which is the result of the negligence of others in the same service. *Baxley* v. *Satilla Mfg. Co.,* 114 *Ga.* 720 (40 S. E. 730). It appears from the petition that the plaintiff was injured by the negligent act of the defendant T. J. Foughner, a fellow servant. Consequently, J. W. Foughner, the plaintiff's employer, would not be liable for the injury sustained by the plaintiff unless it is shown that he had been negligent in the selection of an incompetent fellow servant.

■ "The master is bound to exercise ordinary care in the selection of servants, and not to retain them after knowledge of incompetency." Code, § 66-301. However, before recovery can be had

against a master for negligently employing an incompetent fellow servant it must appear that the master knew, or by the exercise of due diligence should have known, of the incompetency at the time of the employment, or else that the master negligently retained such fellow servant after he was fairly chargeable with knowledge of such incompetency. *Gunn* v. *Willingham,* 111 *Ga.* 427 (36 S. E. 804). A servant can not recover of the master for injuries received by reason of the incompetency of a fellow servant if by the exercise of ordinary care he could have known of such incompetency. *Kilgo* v. *Rome Soil-Pipe Mfg. Co.,* 16 *Ga. App.* 737 (2) (86 S. E. 84). It is incumbent upon the injured servant to show the following facts: first, that the fellow servant was incompetent; second, that the injury complained of resulted directly or proximately from such incompetency; third, either (a) that the master knew of such incompetency, or (b) that by the exercise of ordinary care he could have known of it; fourth, that the injured servant did not know of such incompetency; fifth, that by the exercise of ordinary care the injured servant could not have known of it; and sixth, he did not have equal means with the master of acquiring knowledge of such fact. See *Camilla Cotton-Oil &c. Co.* v. *Walker,* 21 *Ga. App.* 603 (94 S. E. 855), from which the above is taken. "In other words, the liability of the master arises because of the omission of duty to provide the injured employee with a competent fellow servant; not because the negligence of the latter is, in law, imputable to the master." *Corcoran* v. *Merchants &c. Transportation Co.,* 1 *Ga. App.* 741, 746 (57 S. E. 962).

Even though it be conceded that it appears from the petition that J. W. Foughner knew, at the time he hired T. J. Foughner and at the time of the injury to the plaintiff, that T. J. Foughner was not a skillful, careful, and competent employee, and that it appeared he had not complied with the ordinance as to hiring an employee who had stood the required examination by the ordinance, it does not appear from the allegations of the petition that the plaintiff did not know of the incompetency, and that he could not have discovered such incompetency by the exercise of ordinary care on his part, or that he did not have equal means with J. W. Foughner, the employer, of knowing of such incompetency. See *Story* v. *Crouch Lumber Co.,* 61 *Ga. App.* 210 (6 S. E. 2d, 86). The petition was fatally defective in the above respects, and did not

set out a cause of action against J. W. Foughner who was the employer of the other defendant. See *Haynesworth* v. *Hall Construction Co.*, 44 *Ga. App.* 807 (163 S. E. 273) ; *Salter* v. *Nugent*, 50 *Ga. App.* 187 (3) (177 S. E. 513).

The question as to whether T. J. Foughner was a vice-principal was not made in this case. It is alleged that the plaintiff, a plumber's helper, was told by the defendant employer to accompany T. J. Foughner, assist him in performing certain work, in the performance of which the plaintiff was injured, and that the employer stated to the plaintiff that he was merely to accompany T. J. Foughner and "carry out his directions." However, these allegations were not made for the purpose of charging that T. J. Foughner was not a fellow servant in the performance of the work, during the performance of which the plaintiff was injured, but were made for the purpose of showing that T. J. Foughner was an incompetent servant and that the defendant employer knew this when he directed the plaintiff to accompany T. J. Foughner and assist him on this particular job. Furthermore, the fact that the negligent servant had the right to direct the performance of the plaintiff's work does not make him anything more than a fellow servant. *Hamby* v. *Union Paper-Mills Co.*, 110 *Ga.* 1 (35 S. E. 297) ; *Story* v. *Crouch Lumber Co.*, supra. The petition does not allege facts showing liability on the part of the defendant employer for furnishing an unsafe place to work, or for failing to warn the servant of any hidden dangers.

■ As to T. J. Foughner, the employee who was with the plaintiff, the petition set out a cause of action. The petition alleged that T. J. Foughner improperly and without warning began unscrewing the drain pipe plug while the plaintiff was directly underneath it, and that in order to avoid the potash or lye, which both men knew was in the pipe, from being spewed forth through this opening in the pipe into the plaintiff's face and eyes, he jumped and broke his arm. It appears from the petition that T. J. Foughner knew of the existence of the potash and lye in the pipe, and was aware of the position of the plaintiff and that he would be exposed to the contents of the pipe upon the removal of the drain plug. It appears also that the plaintiff knew of the existence of the lye and potash in the pipe, and that it would be discharged from the pipe if T. J. Foughner continued what he was doing. It appears that

the plaintiff was put in imminent danger of serious injury by the act of T. J. Foughner, and that the plaintiff's injuries were sustained as the result of his attempting to escape the consequences of such act. This act of T. J. Foughner was charged as negligence. This is true notwithstanding that the potash and lye water may not have been actually discharged from the pipe and fallen on the plaintiff.

It is contended that the plaintiff was injured by reason of his own negligence, for failure to exercise ordinary care for his own safety in jumping from the ladder. A demand for extraordinary diligence in emergencies wholly excuses the plaintiff's negligence where the emergency entirely obscures that due care which ordinarily would impair an exercise of the instinct of self-preservation. *Walton* v. *Georgia &c. Ry. Co.*, 15 *Ga. App.* 191 (3) (82 S. E. 815). The duty of the plaintiff to exercise due care did not arise until the negligence of T. J. Foughner became apparent, or an ordinary person would have apprehended it, and the duty of .the plaintiff for his own safety, in an emergency, is not to be measured by ordinary standards, but allowance must be made for the state of his emotions on suddenly becoming aware of the act of T. J. Foughner in opening the plug to the drain pipe in which was contained the lye or potash substance, and realizing the danger of such substance immediately striking him in the face and eyes. See *Atlanta, Knoxville & Northern Ry. Co.* v. *Roberts,* 116 *Ga.* 505, 508 (42 S. E. 753) ; *Atlanta &c. R. Co.* v. *Jacobs Pharmacy Co.,* 135 *Ga.* 113 (68 S. E. 1039). It does not appear as a matter of law that the plaintiff's act in jumping from the ladder and thus sustaining the injuries sued for was such negligence on his part as would bar a recovery.

It follows that the judge properly sustained the demurrer of J. W. Foughner, but it was error to sustain the demurrer of T. J. Foughner, and to dismiss the action in its entirety.

*Judgment affirmed in part and reversed in part. Sutton and Felton, JJ., concur.*