## Louisville & Nashville Railroad Company v. Gross.

(Decided February 20, 1925.)

### Appeal from Breathitt Circuit Court.

1. Master and Servant—Servant Presumed to Know Laws of Nature and What is Before His Eyes.—Servant of ordinary intelligence is conclusively presumed to know or take notice of ordinary, well-understood laws of nature, and govern himself accordingly, and is charged with knowledge of what is before his eyes.

2. Master and Servant—Servant at Edge of Railroad Cut Held to have Assumed Risk of Slipping.—One cutting bushes along edge of railroad cut, about 32 feet above roadbed, held to have assumed risk of foot slipping, causing him to fall from cliff, though foreman told him there was no danger.

O. H. POLLARD, HUNT, NORTHCUTT & BUSH and WOODWARD & WARFIELD for appellant.

J. MOTT McDANIEL for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant came here because of a judgment for $5,000.00 recovered against it by appellee. The appellee, a man forty-eight years of age, was injured on June 14, 1922, while cutting bushes along appellant's right of way. The appellant, as required by section 790 of the statutes, was having its right of way cleaned off, and had several men engaged in that work. Most of them were

using scythes, but the appellee was using an axe, with
which he was cutting the bushes, after the scythe men
had cut the weeds.

At the place where the accident occurred, the appellant's railroad is constructed in a cut, and the evidence
shows that the edges of this cut are rather precipitous.
At least many of the witnesses speak of it as a cliff, and
the height of this cliff from the road-bed below was about
thirty-two feet.

In the progress of this work, the appellee undertook
to cut a bush, and as he says, took his stand and settled
his foot for that purpose. Just as he started to make his
lick, with the axe, he says his left foot slipped and he fell
over the edge of the cut, and down to the road-bed below,
and broke his thigh. He was picked up, carried to a hospital, and given surgical attention. The pieces of the
fractured bone were shown by X-ray photographs to
have re-united, but that leg is, as the witnesses say,
"about an inch shorter than the other one."

Many reasons for a new trial were given, but it will
not be necessary to consider but one, as the court erred
to the appellant's prejudice when it failed to give a
peremptory instruction to find for it. There was no
proof of any negligence on the part of the appellant. The
following excerpts from the case of Louisville Water Co.
v. Darnell, 189 Ky. 771, 225 S. W. 1057, are controlling:

> "This court has held in a number of cases, following all of the authority upon the subject, that a
> servant of ordinary and average intelligence is conclusively presumed to know or to take notice of the
> ordinary and well understood laws of nature and to
> govern himself accordingly, in the performance of
> his work. Furthermore, a servant will also be
> charged with knowledge of the existence of that
> which is before his eyes and which he could not help
> seeing and appreciating."

> "Neither this nor any other court has gone to
> the extent of holding that the 'immediate presence'
> doctrine, the 'specific direction' doctrine or similar
> ones, could be given the effect to deprive the employe
> of his reasoning faculties or to permit him to depend, in every contingency, exclusively upon his employer for his personal safety by renouncing all incentive for self preservation, or losing all capacity
> therefor."

The appellee seeks to avoid the effect of this by saying that at the time he was injured, the section foreman was walking back and forth on the railroad below him, and was looking at him, and that he had told the section foreman the work looked dangerous, but the foreman said there was no danger and to go on and cut the bushes. The foreman denies this, but the appellee says that this conversation occurred. Admitting that it did occur, that did not give to the appellee the right to fail to take precautions for his own safety. He had to use ordinary care. He had been reared on a farm in this mountain country. He had had abundant opportunities to know the danger of getting too near to the edge of this cut. He could tell from where he was, better than the foreman could tell from where the foreman was, just how close he was to the edge. He says that this accident occurred because his foot slipped, and no one but he himself could tell or know just where he was placing his foot, and whether or not the material upon which he was placing it was solid and secure or loose and insecure. Placing it as he did, he assumed the risk. Appellant is in nowise responsible for the resulting accident, therefore, a peremptory instruction should have been given.

This judgment is reversed and the cause is remanded for further proceedings consistent with this opinion. .