NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY *v.* MAY.

[No. 13,015. Filed December 13, 1928. Rehearing denied June 28, 1929. Transfer denied December 21, 1932.]

*George Mock, W. A. Eversman* and *Russell P. Harker,* for appellant.

*Moran & Gillespie, Fruchte & Literer* and *Eichhorn, Gordon & Edris,* for appellee.

ENLOE, C. J.—This action was brought by the appellee to recover damages for an injury sustained while serving as an employee of appellant, in the capacity of a section hand. The recovery was sought under the

provisions of the Federal Employers' Liability Act (USCS, Vol. 2, §1214), and upon the trial it was stipulated that the work of the appellee was such that, as an employee of appellant, he was engaged in interstate commerce within the terms of that act.

The cause, being at issue, was submitted to a jury, which returned a verdict in favor of the appellee. The only propositions urged upon this appeal are that the verdict is not sustained by sufficient evidence, and that it is contrary to law for the reason, as appellant urges, "that the evidence in this shows, as a matter of law, that appellee assumed the risk" of injury in this case.

The evidence in this case is, as to the material facts, without dispute. These facts are: That the appellee was working as a section hand for the appellant; that he had worked for appellant 31 days prior to the day he was injured; that he was, at the time of being injured, about 47 years old; that in December, 1915, by reason of a storm, some of the telegraph poles along appellant's line of road were broken and blown down; that appellee was, by the foreman in charge, directed to take a hand car and go with another employee to a designated place a short distance from the place where they were working and there get a telegraph pole to replace one of such broken poles; that they proceeded to the place directed, got the pole, placed it on the hand car, and started to return with the same; and that, while they were returning with said pole, appellee received the injury for which he sues. The appellee says that while making the return journey the said pole rolled against his right foot, knocking it off the car and thereby causing him to fall in front of said hand car, whereby he was injured. The pole in question was a pine pole, about 35 feet long, round, straight, and about 18 inches in diameter at the large end, which end was placed towards the front as they returned with said pole.

In determining the question now before us, we have certain rules given us by courts of last resort, and we shall now notice some of these rules.

In *Leitch* v. *Chesapeake & Ohio Ry. Co.* (1924) (W. Va.), 125 S. E. 370, it was said: ". . . the servant assumes all ordinary risks of his employment, and also, as a general rule, all risks from causes which are known to him, or should be readily discernible by a person of his age and capacity, in the exercise of ordinary care."

In the case of *Davis* v. *Powell* (1924) (Va.), 125 S. E. 751, Powell was working as a section hand and was injured, as alleged by him, by reason of the sudden stopping of the motor car upon which he, with others, was going to his place of work, which motor car, he alleged, was being run and operated at a high and dangerous rate of speed in violation of the rules of the company. Powell know the speed at which the car was being run, made no objection thereto, and the court, after citing and quoting from many authorities, held that the workman, Powell, assumed the risk of injury and that there was no liability.

In the case of *Chicago, R. I. & P. Ry. Co.* v. *Daniel* (1925) (Ark.), 273 S. W. 15, it was said: "Doctrine of assumption of risk is predicated on knowledge, actual or constructive, of employee of risks to be encountered and his consent to be subjected thereto."

In the case of *Louisville, etc., Co.* v. *Darnell* (1920), 189 Ky. 771, 225 S. W. 1057, it was said: "This court has held in a number of cases, following all of the authority upon the subject, that a servant of ordinary and average intelligence is conclusively presumed to know or to take notice of the ordinary and well-understood laws of nature, and to givern himself accordingly in the performance of his work."

In the case of the *L. & N. R. Co.* v. *Gross* (1925) (Ky.), 272 S. W. 57, a section hand was working on the side at the top of a deep cut; he was cutting bushes and clearing the right of way. His foot slipped and he fell to the road-bed, breaking his thigh. In passing upon the case the court said: "He says that this accident occurred because his foot slipped, and no one but he himself could tell or know just where he was placing his foot, and whether or not the material upon which he was placing it was solid and secure or loose and insecure. Placing it as he did, he assumed the risk."

In this case the "defense of assumption of risk," if appellee knew of the liability of the said pole to roll upon him, remains as at common law. *Seaboard Air Line* v. *Horton* (1913), 233 U. S. 492, 58 L. Ed. 1062. The negligence alleged in the complaint was the alleged negligence of the section foreman in not, when he ordered and directed the appellee and one of the other section hands to go and get the pole in question, providing said employees with some "means or appliances by which said pole could be securely fastened upon said hand car," which averment is followed by the allegation that appellee "was ignorant of the danger of carrying or handling said pole upon said hand car."

In the case at bar it conclusively appears that the appellee knew as much about the condition of the pole in question—its length, its diameter, its projecting over the ends of the car, its straightness or crookedness, and whether by reason of its straightness and its general cylindrical form it was liable to roll, or whether by reason of its not being straight it could be so placed upon said car that it would be, when undisturbed, in a state of stable equilibrium—as did the said foreman who gave the order to get said pole and whose alleged negligence in that behalf is the basis of this action.

See *Barrow County Cotton Mills* v. *Farr* (1925) (Ga.), 127 S. E. 788.

The appellee testified herein as a witness and his testimony, as found in the record herein was, so far as material to the question of assumption of risk, in ■ addition to that heretofore stated, in substance as follows: that the railroad track was level; that he was standing astride the said pole, his right foot being on the north side of the same; that he was standing on the south side of said car at the west end thereof and in front of the handle used in pumping said car, his toes pointing to the west and his body turned so that he was facing to the north; that he was standing with one foot on either side of the pole "to support it"; that he had his right foot hooked onto the end of the platform "trying to steady the pole" as much as he could; that he made no effort to "chock" the pole with stones, rocks, or otherwise so that it would not roll.

There is no suggestion that the appellee is not possessed of the average intelligence or in possession, fully, of all the bodily senses, and the testimony, given by himself, shows conclusively that he knew and appreciated the fact that said pole might, due to the movement of the car, roll while it was being thus transported. Knowing and appreciating this fact, he placed one foot on either side thereof, as he says, "to support it," and also hooked his right foot on at the end "to steady it." Knowing and appreciating the danger of this pole rolling while being thus transported, and placing himself in the position he did, he assumed the risk of injury thereby. *B. & O. S. W. R. Co.* v. *Carroll* (1929), 200 Ind. 589, 163 N. E. 99.

The testimony of appellee also discloses that there was a board or strip of lumber fastened along the side of the hand car at the outer edge of the platform .

thereof to prevent anything from rolling off said car at the side, so that when appellee and his fellow workman placed said pole on the car he knew that it could not roll therefrom, the strip of lumber being sufficient to stop it on the one side and the "housing" of the propelling machinery, located in the center of the car, being sufficient to prevents its rolling beyond center of car in the other direction. The testimony of appellee also discloses that there was an abundance of room on said car where he might have stood and assisted in the work of pumping said car and yet have been entirely away from said pole and from any possible danger of injury occasioned by the rolling of said pole should it happen to roll while being transported. Under the authorities, when the appellee chose the position, which he did under the facts of this case, he assumed the risk of injury incident thereto.

We hold that under the facts of this case, undisputed, the appellee assumed the risk of injury, and that the verdict of the jury is contrary to law. Reversed.

Remy, J., dissents.